| 97   83|
|f139 117|

# Conner *v.* The State.

## Indictment for Selling Property Subject to Lien.

1. *Selling property to satisfy prior liens not fraudulent.*—When it appears on the trial of a defendant charged with selling property subject to a lien, that the lien was taken with a knowledge of prior liens, and that the property had been sold with the consent of the prior lienors and their liens discharged with the proceeds of the sale, the balance being tendered to the junior incumbrancer, the evidence is insufficient to convict the defendant, since the essential element of a fraudulent intent is wanting.

[Conner v. The State.]

APPEAL from Lauderdale District Court.
Tried before Hon. W. P. CHITWOOD.

EMMETT O'NEAL, and R. O. PICKETT, for appellants.

W. L. MARTIN, Attorney General, *contra.*

COLEMAN, J.—The defendant was indicted and convicted for a violation of the statute as contained in section 3835 of the Criminal Code which makes it a criminal offense for any person to remove or sell "any personal property for the purpose of hindering, delaying or defrauding any person who has a claim thereto, under any written instrument . . . . with a knowledge of the existence thereof,—and on conviction must be punished as if he had stolen it." The indictment charges that the property in this instance consisted of two bales of cotton, of the value of one hundred dollars.

The evidence shows that the cotton was raised on lands rented from one Bradford, and that one Shelton had a prior mortgage to the one held by Smith, under which the defendant was prosecuted in the present case. The evidence shows that the second mortgagee had knowledge of the existence of the first mortgage when the second mortgage was executed to him. Under our statute the landlord was entitled to priority of payment for advances made by him, and Shelton's lien as first mortgagee came next in priority.

The evidence is clear, that the two bales of cotton were sold with the knowledge, consent and direction of the prior claimants, and that so much of the proceeds of the cotton as was necessary, was first applied to these prior claims. The evidence shows that a balance of twenty-one dollars, was left after satisfying the claim of the landlord and prior mortgagee. There was evidence tending to show that the twenty one dollars was offered to the second mortgagee by the defendant, and refused by him.

If a sale of the two bales of cotton was necessary, to pay the landlord and the first mortgage, and the sale was made by the defendant, with the knowledge, consent and direction of the landlord and first mortgagee, for the purpose of satisfying these two prior claimants, and the proceeds or so much as was necessary, were thus applied, there can be no conviction under the statute. That the sale was thus made is established, by the proof, without conflict. The defendant was entitled to the general charge in his favor. If after paying the prior claims the defendant, retained the balance

of the proceeds of the two bales, for the second mortgagee, and he refused to receive it, the defendant was entitled to an acquittal, and the charge to this effect should have been given.

To permit the conviction to stand, under the evidence disclosed in the record, would in effect, be to hold, that the defendant was guilty under the statute, for failure to make a crop of sufficient value, to satisfy the secured debts, and not for a fraudulent disposition of the crops after they were made.

Reversed and remanded.