# Smith *v.* The State.

*Indictment for Selling Property on which there was Lien*

1. *Indictment; when insufficient.*—An indictment which does not conclude with the words "against the peace and dignity of the State," as is required by the constitution and the statutes, (Const. § 171; Code, § 4893), is insufficient to support a conviction and should be quashed.

2. *Indictment for selling property on which there was a lien; when facts in evidence insufficient to authorize conviction.* On a trial under indictment for selling property on which there was a lien, where it is made to appear that the proceeds of the property sold by the defendant were paid over to the holder of the mortgage, in which the property so sold was conveyed, and that said mortgage was executed by the defendant and the person alleged to have been defrauded, the evidence is insufficient to authorize a conviction of the defendant under the indictment; the essential element of intent not being shown.

APPEAL from the County Court of Geneva.

Tried before the Hon. P. N. HICKMAN.

The appellant in this case, Jim Smith, was tried and convicted under an indctment which was in words and figures as follows:    "The grand jury of said county charge that before the finding of this indictment Jim Smith, with purpose to hinder, delay or defraud Robert Daniels who had a lawful and vailid claim thereto under a written instrument lien  created by law  for rent, advances or other lawful and valid claim, verbal or written,

did sell or remove personal property consisting of two hundred pounds seed cotton of the value .of five dollars, the said Jim Smith having a knowledge of the existence of such claim."

The facts were substantially as follows: The defendant rented land for the year 1901 from R. Y. Daniel, and in. order to cultivate the same he and Daniel gave a mortgage to one Ginn for a horse. Needing supplies and fertilizers they applied to Chapman & Co. who took another mortgage signed by defendant and Daniel on same property, said Chapman agreeing to take up the Ginn mortgage which they did. In the fall of 1901, the defendant failed to make enough to pay Chapman & Co. and to pay Daniel all he owed him for rent and for some supplies. When Chapman was about to foreclose mortgage given by defendant and Daniel after the crop had been exhausted with the exception of a small remnant of seed cotton, the defendant got one Vaughan to take up the mortgage signed by him and Daniel to Chapman & Co. After said mortgage was taken up by Vaughan and transferred to him by Chapman & Co. Vaughan instructed defendant to sell the remnant of seed cotton and apply the proceeds of sale to mortgage transferred to him by Chapman. The defendant proceeded to sell and did sell the same to another party and took the money to Vaughan, and it was applied on the mortgage given by the defendant and Daniel.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, the court adjudged the defendant guilty as charged, and from this judgment the defendant appeals.

J. J. MORRIS, for appellant, cited Code, § 4757; *Connor v. State*, 97 Ala. 83.

MASSEY WILSON, Attorney-General for State, cited *Ellis v. Martin*, 60 Ala. 394; *Smith v. Fields*, 79 Ala. 335.

TYSON, J.—The defendant was indicted, and tried by the judge, without the intervention of a jury.—Local Acts, 1903, p. 40.

[Dryer v. The State.]

The indictment charges the offense denounced by Section 4757 of the Code, but does not conclude "against the peace and dignity of the State" as is required by section 4893 of the Code and section 171 of Art. VI of the Constitution. It is, therefore, insufficient to support a conviction and should have been quashed. Furthermore, the evidence is not such as requires the defendant to be held to answer another indictment for this charge. The proceeds of the property sold by him are undisputedly shown to have been paid over to the holder of a mortgage, conveying the property so sold, executed by him and the person alleged to have been defrauded. It is true there is testimony on behalf of the State tending to show that at the time the holder, to whom defendant paid the proceeds, acquired the mortgage, he agreed to release the property. This, however, is disputed by the holder, who testified as a witness for defendant. But it is unnecessary to decide this disputed question of fact, since it appears, without conflict, that defendant was not a party to that agreement; nor is it made to appear that he had any knowledge of it. These facts which are clearly established by the evidence bring the case within the influence of the decision of *Connor v. State,* 97 Ala. 83.

The judgment of conviction will be reversed and an order will be here entered quashing the indictment and discharging defendant.

Reversed and rendered.