191 So. 640

**PATE v. STATE.**

**5 Div. 66.**

Court of Appeals of Alabama.

June 30, 1939.

Rehearing Denied Oct. 3, 1939.

C. W. Clegg, of Wedowee, for appellant.

Thos. S. Lawson, Atty. Gen., and Edwina Mitchell, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of one of the offenses denounced by Code 1923, Sec. 4925—removing or selling personal property for the purpose of hindering, delaying, or defrauding a person who had claim thereto under lien created by law for rent or advances.

Appellant complains that the general affirmative charge to find in his favor

should have been given to the jury. But we do not find that any such charge, in writing, was requested by him. So of course the court was not in error in this regard. Henderson v. State, 137 Ala. 83, 34 So. 828. As said in the opinion in the case cited: "It has been uniformly held that the judgment of a trial court cannot be reversed for its refusal to give a charge asked, unless it appears that it was asked in writing, as the statute * * * requires."

But all of which is not to intimate that the charge mentioned should have been given, if it *had* been properly requested.

The only question that seems to require our attention is that as to whether or not the trial court was in error in refusing to grant appellant's motion to set aside the verdict of the jury.

As to this we make the following observations—before announcing our ruling, viz.: There was evidence that appellant rented land located in Randolph County from Whaley (the person named in the indictment as the one intended to be hindered, delayed, or defrauded, in the collection of his debt against appellant); that he rented it "on shares" and made a cotton crop on the land; that he did not pay the rent and that he disposed of the cotton.

■ This seems to us to make out every essential element of the offense charged.

■ The fact of removal raises the presumption of (the) intent to hinder, delay, or defraud. May v. State, 115 Ala. 14, 22 So. 611.

■ It was the value of the property *removed* which fixed the degree of the crime —i.e. whether the same as grand or petit larceny—and the value of the *interest* of the party defrauded, delayed, or hindered— in this case Whaley—was immaterial. Courtney v. State, 10 Ala.App. 141, 65 So. 433.

■ The evidence offered to support the grounds of the motion for new trial, asserting newly discovered evidence, does not appear in the bill of exceptions, and therefore nothing is presented for review on this phase of the case. Jordan v. State, 225 Ala. 350, 142 So. 665.

In view of the above it is plain the trial court committed no error in overruling appellant's motion for a new trial.

The judgment is affirmed.

Affirmed.