73 So.2d 564

### LOLLAR v. STATE.
#### 3 Div. 981.

Court of Appeals of Alabama.

June 11, 1954.

602

Walter G. Woods, Tuscaloosa, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The petitioner, Norwood Sterling Lollar, was indicted for the offense denounced by Title 14, Sec. 363, Code 1940.

The judgment entry contains the following:

"This day comes J. Monroe Ward, as Solicitor who prosecutes for the State, and comes also the defendant in his own proper person and by attorney. The defendant being duly arraigned in open Court upon the indictment herein charging him with Selling or Removing Mortgaged Property for a plea thereto says he is guilty of Disposing of Mortgaged Property on which Mortgage there was an amount due of less than $25.00. Thereupon came a jury of twelve good and lawful men, to-wit: Thurman L. James, foreman, and eleven others, who being duly empanelled, charged, and sworn according to law upon their oaths do say: 'We, the jury, find the defendant guilty of Disposing of Mortgaged Property on which mortgage there was less than $25.00 due as charged in the indictment and assess a fine of $75.00.' It is, therefore, considered by the Court and it is the order and judgment of the court that the defendant, Norwood S. Lollar, Alias is guilty of Disposing of Mortgaged Property on Which Mortgage there was less than $25.00 due as charged in the indictment and that he pay a fine of $75.00 together with the costs in this case amounting to $42.45."

The trial judge imposed six-month additional sentence.

The fine and costs were paid. The petitioner is now confined in Kilby Prison serving time under the additional sentence imposition.

He filed a petition for habeas corpus in the Circuit Court of Montgomery County, praying for his release from imprisonment. This was denied. Hence this appeal.

The property involved in the prosecution is an automobile. The indictment fixes the value thereof at about $500.

Under the statute of concern the value of the property and not the amount of the lien thereon determines whether or not the offense is a felony and punishable as grand larceny, or a misdemeanor and punishable as petit larceny. Courtney v. State, 10 Ala.App. 141, 65 So. 433; Pate v. State, 29 Ala.App. 78, 191 So. 640.

It is clearly indicated that the verdict of the jury in the case at bar does not determine nor indicate the degree of the offense.

Of course, a judgment and sentence of the court must be based on a valid and legal verdict. Graham v. State, 233 Ala. 387, 171 So. 895; Marable v. State, 229 Ala. 435, 157 So. 861.

The judgment ordering the petitioner to be sentenced to hard labor for six months as additional punishment was without authority under the circumstances.

The judgment of the lower court is ordered reversed. An order is here made discharging the petitioner from further custody.

Reversed and rendered.