# Peck *v.* The State.

## *Burglary.*

(Decided June 30, 1906.   41 So. Rep. 759.)

1. *Burglary; Indictment; Sufficiency.*—The indictment charged that
defendant, with intent to steal, broke into and entered a build-
ing, towit, the depot of the Southern Ry. Co., etc., the said
depot being the property of the Southern Ry. Co., a corpora-
tion.   The demurrer raises the question of the proper aver-
ment of corporate character, in that the words "a corporation"
do not follow the words "Southern Ry. Co.", where first used
in the indictment.   Held, the indictment sufficiently avers
corporate character, the last clause therein supplying the omis-
sion in the first instance.

2. *Same; Ownership.*—Where the ownership of the building broken
and entered is laid in the person having the possession and
occupancy thereof, it is sufficient, in an indictment for bur-
glary.

3. *Criminal Law; Appeal; Harmless Error.*—Possession being a col-
lective fact to which a witness may testify, and it being
shown that the building broken and entered was in the posses-
sion of the Southern Ry. Co., if it was error to permit parol
evidence of the ownership of the building, it was error cured
by § 4333, Code of 1896, and harmless.

4. *Same; Evidence; Confessions; Admissibility.*—The   defendant,
while in the custody of the arresting officer, was taken into a
closed room by such officer and the justice issuing the war-
rant, just before entering into his preliminary examination,
and asked by the justice a question which assumed defendant's
guilt.   The evidence further tended to show that defendant was
a weak minded person, and began to cry when the question as-
suming his guilt was put to him.   Held, that an alleged con-
fession evoked in this manner was inadmissible, even though
it was shown that no threats were made or promises given to
induce same.

APPEAL from Hale Circuit Court.

Heard before Hon. B. M. MILLER.

The defendant was tried and convicted for burglar-
izing the depot of the Southern Railway.   The facts are
sufficiently stated in the opinion of the court.

EDWARD DE GRAFFENREID and R. B. EVANS for appellant.—It is a familiar principle that if an indictment is unnecessarily particular in its averments the averments which are unnecessary must be proven as well as any other allegation.—A. & E. Ency. Law, p. 558. The testimony of the witness Otts shows that the statement of the defendant was not voluntarily made.—*Lacey v. State,* 58 Ala. 386; *Kelly v. State,* 72 Ala. 244.

The absence of proof tending to show the fact of the incorporation of the Southern Railway Company, entitled the defendant, to the affirmative charge. The statutes dispensing with this proof in this case is unconstitutional, and in its enactment the legislature went beyond its legitimate sphere.—*United States v. Klein,* 13 Wallace, 128.

MASSEY WILSON, Attorney General, for State.—The court properly overruled the demurrer to the indictment. The court properly permitted the witness Crawford to state whose property the building was and in whose possession it was.—*Foxworth v. Brown,* 120 Ala. 59; *Wright v. State,* 136 Ala. 139; *Thomas v. State,* 97 Ala. 3; *Matthews v. State,* 55 Ala. 65; *Fuller v. State,* 117 Ala. 36; Code 1896, section 4333.

The confessions were clearly voluntary.—*White v. State,* 133 Ala. 122; *Bush v. State,* 136 Ala. 85.

It was not necessary to prove the incorporation of the Southern Railway.—Acts 1900-01, p. 2285; *State v. Thomas,* 40 So. Rep. 271; *Willis v. State,* 134 Ala. 429.

DOWDELL, J.—The demurrer to the indictment upon the ground that the indictment failed to charge that the Southern Railway Company was a corporation was without merit. The indictment charges that the defendant, "with the intent to steal broke into and entered a building, to wit, the depot of the Southern Railway Company, etc., the said depot being the property of the Southern Railway Company, a corporation." The point made by the demurrer is that the omission of the words "a corporation" after Southern Railway Com-

pany, where first used in the indictment, was a failure to aver corporate character; but this omission was supplied in the clause that followed as set out above. The circuit court properly overruled the demurrer.

It is sufficient, in an indictment for burglary, to lay the ownership of the building broken into and entered in the person in the possession and occupancy of the building.—*Matthews v. State,* 55 Ala. 65; *Thomas v. State,* 97 Ala. 3, 12 South. 409. We need not consider whether there was error in admitting parol evidence of the ownership of the building entered, for, if error, it was error without injury, since it was proven that the depot building broken into and entered was in possession of the Southern Railway Company.—Code 1896, § 4333; *Fuller v. State,* 117 Ala. 36, 23 South. 688. Possession is a collective fact, to which a witness may testify.—*Wright v. State,* 136 Ala. 139, 34 South. 233.

The state was permitted to prove the confession of defendant against his objection. The confession sought to be proved was, under the decision of the case of *Kelly v. State,* 72 Ala. 244, inadmissible. The facts in the cases of *Bush v. State,* 136 Ala. 85, 33 South. 878, and *White v. State,* 133 Ala. 122, 32 South, 139, cited by the attorney general, are different from the case at bar, and clearly differentiate the former case from the latter. Here the facts show that the defendant, while a prisoner in the custody of the officer making the arrest, was taken by the justice of the peace who issued the warrant on which the arrest was made and the officer who made the arrest into a room, and the door closed, and, being thus alone with the prisoner, and just before entering upon his preliminary trial, the justice of the peace asked the defendant a question which assumed the defendant's guilt, and in this manner, the confession admitted in evidence on the trial was evoked. There was evidence tending to show that the defendant was a weak-minded person, and when the question was asked him which assumed his guilt "the defendant commenced crying and stated" (and here follows the confession). It was stated by the witness that no threats were made, nor promises,

to induce the confession. The time, place, and sur-
roundings of the prisoner, the manner of evoking the
confession, and by whom evoked, in the very nature
of things, were calculated to unduly influence the pris-
oner and render a confession under such circumstances
inadmissible in evidence against him. And the mere
fact that no threats were used or promises made to the
defendant, and nothing more said to him than to ask the
question which called for the confession, is not enough,
under the facts in this case, to affirmatively show that
the confession was voluntarily made.

In *McQueen v. State*, 94 Ala. 50, 10 South. 433, the
confession of the defendant was made while under ar-
rest, and to the officer in whose custody the defendant
was; but the records show affirmatively that the confes-
sion was voluntary. The court said in that case:
"It is affirmatively shown that the confessions
were not made under the influence of threats,
promises, or *other improper inducements,* but were
voluntary. (The italics are ours). So, too, in
the case of *Redd v. State*, 68 Ala. 492, the confessions,
though made by the defendant to the officer and while
in custody of the officer, appearing to have been volun-
tary, evidence of the confession was held to have been
admissible. The principle held in this case was that the
mere fact that the confession was made while in cus-
tody and in answer to questions asked by the officer is
not alone sufficient to exclude the confession; the con-
fession otherwise appearing to have been voluntary. In
*Miller v. State*, 40 Ala. 54, it is said: "A confession is
not inadmissible, as is contended because elicted in an-
swer to a question which assumes a prisoner's guilt. The
law seems to be well settled that this, of itself, would not
be sufficient to authorize the exclusion of the confes-
sion."—citing *Carroll v. State*, 23 Ala. 28, 58 Am. Dec.
282. But the judgment of the lower court was reversed
for the error of admitting the confession on the facts in
that case. The facts in the case of *Spicer v. State*, 69
Ala. 159, were different from the case at bar. There
the confession was made to one who had been left by the

officer temporarily in charge of the prisoner, and the confessions thus elicted by questions of such person. It was said by the court: "They [the confessions] are affirmatively shown not to have been elicted through the influence of either threats or promises, *or other improper appliances* [italics ours], and were therefore voluntary."

There can be no difference in principle between this case and the case of *Kelly v. State, supra.* There the prisoner was interrogated by the magistrate while the preliminary trial was in progress; here the prisoner was interrogated by the magistrate just before entering upon the preliminary trial. Every condition in the one case calculated to unduly influence the prisoner and render his confession involuntary exists in the oher. The confession, we think, was evoked by the employment of improper appliances, and, on the authority of *Kelly v. State, supra,* should have been excluded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.