(85 South. 852)

CARR v. STATE. (4 Div. 650.)

(Court of Appeals of Alabama. June 29, 1920.)

1. CRIMINAL LAW ⟐535(2) — EVIDENCE OF CORPUS DELICTI INSUFFICIENT TO AUTHORIZE ADMISSION OF CONFESSION.

Testimony of witness that he saw where wire screen of store alleged to be burglarized was out is not sufficient evidence of corpus delicti to authorize admission of confession.

2. CRIMINAL LAW ⟐1169(12) — ADMITTING CONFESSION WITHOUT PREDICATE CURED BY LATER EVIDENCE.

Though confession is admitted without sufficient proof of corpus delicti error is cured by the subsequent proof of the corpus delicti.

3. CRIMINAL LAW ⟐517(1) — CONFESSION MUST BE VOLUNTARY.

To render confession competent as evidence, it must have been freely and voluntarily given.

4. CRIMINAL LAW ⟐736(2), 741(3)—ADMISSIBILITY OF CONFESSION FOR COURT, BUT WEIGHT FOR JURY.

The admissibility of a confession is primarily for the court, but its weight is for the jury.

5. CRIMINAL LAW ⟐531(1) — CONFESSION PRIMA FACIE INADMISSIBLE, AND BURDEN OF PROOF IS ON PROSECUTION.

Confessions being prima facie inadmissible, the burden of proof is on prosecution to establish competency by showing on preliminary inquiry that mind of accused was free from improper influence and from any influence or fear applied by another.

6. CRIMINAL LAW ⟐532(½)—DUTY OF COURT IN DETERMINING ADMISSIBILITY OF CONFESSION STATED.

The court, in determining admissibility of confession, should be careful to ascertain that confession proceeded from volition, and that it was not superinduced by an influence improperly exerted, and the court should not permit them, unless they clearly appear to have been made in such manner as to constitute them competent evidence.

7. CRIMINAL LAW ⟐1142—NO PRESUMPTION AS TO ACTION OF COURT IN ADMITTING CONFESSION, WHERE ALL EVIDENCE IN RECORD.

Where all the evidence appears in the record no presumption need be indulged as to action of court in admitting confession, but the sufficiency of evidence will alone be considered.

8. CRIMINAL LAW ⟐531(2) — QUESTION TO WITNESS AS TO THREATS AT TIME OF CONFESSION SHOULD INCLUDE ALL PRESENT.

Where several witnesses are present at time of confession, question to witness on his voir dire should not be limited to whether he made any threats or offered any inducements, but should include all present.

9. CRIMINAL LAW ⟐531(3)—EVIDENCE HELD INSUFFICIENT TO AUTHORIZE ADMISSION OF CONFESSION.

In prosecution of a crippled paralytic boy between 16 and 17 years of age for burglary of store and larceny of cigarettes and pennies, evidence held insufficient to show voluntary character of confession.

10. BURGLARY ⟐45—OWNERSHIP OF STORE BURGLARIZED HELD FOR JURY.

Where there is some evidence that one named in indictment for burglary is owner of store burglarized, question is for the jury.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Victor Carr was convicted of burglary, and he appeals. Reversed and remanded.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The state did not meet the burden of showing that the confessions were voluntarily made, and hence erred in admitting the testimony of Domingas. 16 Corpus Juris, 717; 84 Ala. 426, 4 South. 383; 181 Ala. 23, 61 South. 377; 127 Ala. 100, 28 South. 558. The corpus delicti had not been proven, and therefore they were inadmissible. It was not shown that the ownership of the store was proved as laid.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The objections to Domingas' testimony came too late. 192 Ala. 373, 68 South. 283. The state fully covered the ground in showing that the confession was voluntary.

BRICKEN, P. J. The defendant, a white boy 16 or 17 years of age, a crippled paralytic, who walked with a crutch, was indicted and convicted of the offense of burglary; the nature of the charge being that he broke into and entered the store of S. T. Saliba. The property alleged to have been stolen was some pennies and cigarettes. The state relied for a conviction principally upon the confession of the accused and upon the testimony of Orlanda Jones, a 14 year old boy, who by his own testimony appears to have been an accomplice of the defendant in the commission of the act complained of.

It was admitted by defendant, when testi-

fying as a witness in his own behalf, that he sold about a box and a half of cigarettes to a Mr. Payne, but he insists that the boy Orlanda Jones, turned these cigarettes over to him to sell, and agreed to divide the proceeds thereof with defendant. On the trial, the defendant stoutly denied that he had anything to do with breaking into the store, or any knowledge in connection therewith, except that on the night of the alleged commission of the offense he and another boy, Grady Lamb, who testified in behalf of defendant, were together and saw the Jones boy with his hands, blouse, and pants full of cigarettes, near the store of Saliba; and it was the theory of the defendant that the boy, Orlanda Jones, committed the offense complained of.

[1, 2] It is earnestly insisted here that the court erred in admitting the alleged confession of the defendant in evidence. The insistence is that no proper predicate had been proven for the introduction of the confession, and that at the time the witness Domingas, the first state's witness to testify, was on the stand and testified to the confession, no evidence whatever of the corpus delicti had been offered. The record shows that Domingas testified: "I saw where the screen wire of the store was out." And immediately after this statement he was permitted to testify, over the objection of the defendant, as to the alleged confession. That the evidence quoted was not sufficient to prove the corpus delicti cannot be doubted. The error, however, in admitting the confession of the defendant at this juncture, if otherwise competent, was cured by the introduction of subsequent proof of the corpus delicti. In other words, if for this reason it be conceded that the confession was inadmissible when offered, it was rendered admissible, so far as this ground of objection is concerned, by subsequently showing the corpus delicti, and the error was cured thereby. Griffin v. State, 76 Ala. 29; Floyd v. State, 82 Ala. 16, 2 South. 683.

[3-6] This court does not feel called upon to discuss here the principle so often written which holds that, to render confessions and declarations competent evidence in a criminal prosecution, it is necessary that they were freely and voluntarily made, and that such confessions or incriminating declarations should always be received with great caution, and that they are prima facie inadmissible, and that the admissibility of confessions is for the court, but the weight thereof is for the jury. It has often been held that whether a confession was made voluntarily is for the court to determine, and in so determining the court should take into consideration the surrounding condition, situation, and character of the prisoner, and the circumstances under which it was made; and while ordinarily the character of the confession is shown by answers to appropriate questions, the court should look beyond these to the situation and character of the accused, and to all the circumstances surrounding him at the time the confession is made. Such evidence, that of confessions, being prima facie inadmissible, the burden is on the prosecution to establish the competency thereof, by showing on a preliminary inquiry that the mind of the accused was free from improper influence, and from any influence of hope or fear applied by another when he made the confession. In other words, the court in considering this question should be careful to ascertain that the confession proceeded from volition, and that it was not superinduced by any influence improperly exerted, and the court should not permit them, unless they clearly appear to have been made in such manner as to constitute them competent evidence.

A long line of decisions in this state has declared the rule to be that the record must show affirmatively that the confessions were freely and voluntarily made; but later cases declare that this rule is not in accord with our well-recognized rules of practice that on appeal error must be affirmatively shown. Price v. State, 117 Ala. 113, 23 South. 691. In this case the court, through Coleman, J., said:

"When declarations or confessions are offered in evidence, the duty devolves upon the trial court to ascertain and adjudge whether they were freely and voluntarily made. If so adjudged, the confessions are admitted in evidence. The presumption on appeal is in favor of the correctness of the ruling of the trial court. The burden is on the party excepting to overcome this presumption, by showing affirmatively the court erred in its conclusion. The principle held in the former decisions cited reverses this rule, and holds that prima facie the court erred in its judgment, and puts the burden on the court by affirmative evidence to show that its conclusion was free from error."

In the case of Bonner v. State, 55 Ala. 242, where evidence of confessions was offered, one witness testified that they were freely and voluntarily made. Two others testified that inducements were held out to the prisoner to confess. The court admitted the confessions. On appeal the court held that the appellate court, in revising such rulings, as in revising other rulings by an inferior court, on controverted questions of fact, will not reverse the judgment, unless it appears manifestly wrong.

[7-9] The bill of exceptions in the case at bar recites at its conclusion: "This was all the testimony in the case." This being true, it becomes the duty of this court to review the evidence as offered, and determine therefrom its sufficiency, and it follows that no presumption need be indulged where the evi-

dence fully appears, but the sufficiency of the evidence alone is to be considered.

After a careful consideration of all the evidence in this case upon this subject, our conclusion is that the predicate was not sufficient for the introduction of the confession by the defendant, and that the court's ruling in this connection was manifestly wrong. It is true that the witness Domingas stated:

"I did not offer him any promise, or offer him any inducement, or make any threats against him, or tell him it would be better for him."

This inquiry upon the voir dire of this witness should not have been limited to the witness himself, but it should have been extended to include others who were present. In each instance the question is limited: Did *you* offer any inducements, etc.; or, did *you* make any threats? This will not suffice, when it is shown that others were present at the time of the alleged confession; for while the witness could truthfully answer that, so far as he was concerned, he did none of these things, others present might have made assurances or promises, or made threats against the accused, or might have coerced him in some other improper manner; so the question propounded should apply, not only to the witness himself, but should extend to any one else in his presence or hearing. The confession of defendant, as before stated, is prima facie inadmissible as evidence, and in order to properly overcome the presumption of its incompetency it should conclusively appear that it was wholly given at the volition of the accused, free from coercion of the character discussed, not only from the witness who gives testimony of the confession, but also from all others in the presence or hearing of the witness and accused at the time, or even prior to the time, the confession was made.

We are also of the opinion that the condition and environment of the accused at the time of the alleged confession was such as to render incompetent its admission in evidence. It appears that this young, unversed, inexperienced, afflicted boy, almost a child, had been suddenly placed in prison by two officers under the serious charge of burglary, a felony under the laws of this state, and punishable by a term of imprisonment in the state penitentiary; that he was greatly fear-stricken, perturbed, broke down, and, in the language of the witness, "was crying desperately," at the time of making the alleged confession, is without dispute. Under these conditions, in view of the unquestioned rule hereinabove announced, the court should take into consideration the surrounding conditions, situation, character of the prisoner, and the circumstances under which the alleged confession was made, and in so doing he should look beyond the mere questions of counsel and answers of witnesses, to see if at the time the accused made the alleged confession his mind was free from improper influences, was normal, in other words, and that he was not influenced by hope of his betterment or by fear of detriment. We do not think, at the time the defendant made the confession, that he was free from such influence; manifestly he was suffering from an agony of fear because of his environments and surroundings, and he testifies that, after denying the accusation repeatedly at first, he finally made the confession as testified to by Mr. Domingas in the hope that they would turn him out of jail.

Our views in this connection are clearly sustained in the case of Peck v. State, 147 Ala. 100, 41 South. 759; the facts of that case being very similar to the facts here. In that case the prisoner, while in the custody of an officer, was taken by the justice of the peace and the officer into a room and the door closed, and, being thus alone with the prisoner, the defendant commenced crying and made the confession. The witness in this case, as in the case at bar, stated that no threats were made and no promises were given to induce a confession. The Supreme Court, through Justice Dowdell, said (147 Ala. 103, 41 South. 760):

"The time, place, and surroundings of the prisoner, the manner of evoking the confession, and by whom invoked, in the very nature of things, were calculated to unduly influence the prisoner and render a confession under such circumstances inadmissible in evidence against him. And the mere fact that no threats were used or promises made to the defendant, and nothing more said to him than to ask the question which called for the confession, is not enough, under the facts in this case, to affirmatively show that the confession was voluntarily made."

The facts in this case and in the case at bar are identical in principle. In both cases the formal questions were asked, and in both cases the defendant was crying desperately at the time of the confession. The court in the Peck Case, supra, held the confession inadmissible. We think the court was correct in that holding, and we so hold here. See, also, Wilson v. State, 84 Ala. 426, 40 South. 383.

[10] There was some evidence that the store in question did belong to S. T. Saliba, as alleged in the indictment. This made it a question for the jury. Therefore the court properly refused the affirmative charge requested by the defendant on this point.

For the error pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.