(89 South. 854)

## AUSTIN v. STATE.   (4 Div. 661.)

(Court of Appeals of Alabama. May 10, 1921. Rehearing Denied May 31, 1921.)

**1. Criminal law ⬅➡736(2)—Trial court must determine whether confession is voluntary.**

When a confession is offered in evidence, the duty rests on the trial court to determine whether it was freely and voluntarily made· so as to be admissible in evidence.

**2. Criminal law ⬅➡1144(12) — Admission of confession in evidence presumed correct.**

The presumption on appeal is in favor of the ruling of the trial court determining that the confession was voluntary, and admitting it in evidence.

**3. Criminal law ⬅➡517(1)—Purpose in excluding involuntary confession is to guard against untruth.**

The purpose in excluding a confession which is not voluntary is, not so much to protect a defendant from the effect of his confession, as to be sure, as may be, that the confession is true.

**4. Criminal law ⬅➡531(3)—Evidence held not to show confession was inadmissible.**

Evidence that a confession of burglary was made to the owner of the premises burglarized without any promise or threats ·to secure it, but as a result of a conversation between the owner and ' defendant's father, in pursuance of which the father brought defendant to the owner, *held* not to show, when considered with the presumption in favor of the trial court's ruling admitting the confession in evidence, that it was inadmissible.

**5. .Criminal law ⬅➡781(2)—Requested charges as to weight of confession held properly refused.**

· Where a confession was admitted in evidence as having been voluntarily made, requested charges that if the conversation was made in the belief that the party to whom it was made would help defendant out, or with the hope that it would better defendant's position, it should not have the same weight as it would have if made without such belief or such hope, were properly refused.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Hosea Austin was convicted of burglary and grand larceny, and he appeals. Affirmed.

Certiorari denied 206 Ala. 698, 89 South. 922.

The prosecuting witness, S. O. Smith, testified as follows:

"Two or three weeks after the store was broken into I had a conversation with defendant about it. I did not offer him any promise or make any threats or tell him it would be better for him to make a statement. He did not come up voluntarily of his own accord, without being asked about it by me, and tell me that he broke into the store and got the stuff."

It developed further in the· evidence that previous to the confession of the witness Smith had had a conversation with the father of the defendant concerning the breaking, and that the father of the defendant brought him to the witness when the above set out conversation ensued, and there was a

dispute in the evidence as to what was said to the father of the defendant by the witness.

Refused charges referred to in the opinion are as follows:

(10) It is for the jury to say how much weight they will give to the alleged confession of the defendant to the witness S. O. Smith, and if you believe from the testimony that the defendant made the confession to Smith, believing that Smith would help him out, then I charge you that the said confession should not have the same weight in determining the defendant's guilt as if it had been made without such belief.

(12) It is for the jury to say how much weight they will give to the confession of the defendant to the witness Smith, and if you believe from the evidence in this case that the defendant made the confession to Smith with the hope that it would be better for him to confess, then I charge you that the said confession should not have as much weight with you in determining defendant's guilt as it would have if made without such hope.

Farmer, Merrill & Farmer, of Dothan, for appellant.

The alleged confession is inadmissible. 17 Ala. App. 539, 85 South. 852; 55 Ala. 95. The charges requested should have been given. 134 Ala. 134, 32 South. 726; 187 Ala. 108, 65 South. 923.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1-4] The only question presented on rulings on testimony which merit consideration, and in fact the only question seriously insisted upon by counsel for appellant, is the admission of a confession of the defendant made to S. O. Smith, the party whose storehouse was burglarized. When confessions are offered in evidence, the duty rests upon the trial court to ascertain and adjudge whether they were freely and voluntarily made. If so adjudged, the confessions are admitted in evidence, and the presumption on appeal is in favor of the ruling of the trial court. Price v. State, 117 Ala. 113, 23 South. 691. The purpose of the law in requiring confessions to be voluntary is not so much to protect a defendant from the effect of a confession as to be sure, as may be, that the confessions are true. When indulging the presumptions required, in favor of the rulings of trial courts, we cannot say that the facts in this case would warrant a reversal of the judgment on this ruling. The facts in the case of Carr v. State, 17 Ala. App. 539, 85 South. 852, are entirely different from the facts in this case. As to what weight should be given to the confession was a question

properly submitted to the jury along with the other evidence in the case.

As to what the intention of the witness S. O. Smith, in coming to Dothan, was, after the commission of the crime, is not relevant to any issue in the case.

[5] Refused charges 10 and 12 were properly refused. Neither of these charges is predicated upon an involuntary confession.

We find no error in the record, and the judgment is affirmed.

Affirmed.