(95 South. 279)

## MAY v. STATE. (7 Div. 359.)

(Supreme Court of Alabama. Feb. 1, 1923.)

1. **Criminal law** ⟊721(3)—**Argument of counsel on accused's failure to testify held reversible error.**

Argument of counsel concerning accused's failure to testify, "If he had an excuse, why didn't he tell you about it? If he had a reason, why didn't he give it?" *Held.* reversible error, as a violation of Code 1907, § 7894, providing that a person on trial shall at his own request, and not otherwise, be a competent witness, and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel.

2. **Criminal law** ⟊531(3)—**Predicate showing confession voluntary held sufficient.**

Testimony by a deputy sheriff that he had a conversation with defendant at the jail, that no one else was present, except some prisoners inside the jail, that he did not make any threats to defendant, or make him any promises, or offer him any hope of reward, *held* a sufficient predicate for the introduction of a confession.

3. **Criminal law** ⟊517(4)—**Evidence held to establish corpus delicti as predicate for admission of confession.**

Evidence in a prosecution for murder *held* to establish the corpus delicti as sufficient predicate for introduction of confession.

4. **Homicide** ⟊309(5)—**Denial of instruction on manslaughter not error, where proof showed murder or nothing.**

Denial of an instruction on the subject of manslaughter is not error, where proof shows murder or nothing.

Appeal from Circuit Court, Shelby County; W. L. Longshore, Judge.

Will May was convicted of murder in the first degree, and he appeals. Reversed and remanded.

The indictment charged that the defendant "unlawfully and with malice aforethought, killed Joe Lige, alias Croquet, by striking him with a stick."

---

A witness for the state testified in substance that he knew the defendant and deceased; who were both employed in grading a railroad track in Shelby county; that he lived about 200 yards from the house in which defendant and deceased slept; that "Croquet" was killed on Saturday, and witness went to the house where deceased lived about 3 o'clock that afternoon; that he saw deceased lying on the bed, with his head bruised, blood on the bed and on the pillow, and also saw a large oak stick lying on the bed. Witness further testified that the deceased was not dead when he got there, but that he died about 4:30 that afternoon. The state then called as a witness George Harrison, who testified that he was a deputy sheriff; that he had a conversation with the defendant at the jail; that no one else was present except some prisoners inside the jail; that witness did not make any threats to defendant, or make him any promises, or offer any hope of reward. This witness further testified:

"I went to the window and called for Will May, and he answered by that name. * * * I asked him if he was the boy that killed that one there at Dogwood in October last year. He said, 'Yes, sir.' I said, 'What did you kill him with?' He said, 'I killed him with a stick.' I said, 'What kind of a stick?' He said 'An oak stick.' I said 'What did you kill him for?' He said, 'He tried to kill me the day before.' * * * He said he (deceased) was lying on the cot. * * * I asked him (defendant) if the nigger was asleep or drunk, and he said he didn't know which."

The defendant reserved an exception to this portion of the oral charge:

"Under the facts in this case, if you convict the defendant at all, you cannot convict of anything lower than murder in the second degree, so it will not be necessary for me to charge as to the different elements of manslaughter, * * * because, if he is guilty of anything it is murder in the first degree, or murder in the second degree, under the evidence."

The jury returned a verdict of murder in the first degree, and fixed the penalty at life imprisonment. From a judgment thereon, defendant prosecutes this appeal.

Paul O. Luck, of Columbiana, and Leslie C. Longshore, of Anniston, for appellant.

Confessions of guilt cannot be received against a prisoner, until it is affirmatively shown that they were voluntary. 1 Ala. App. 89, 56 South. 30; 179 Ala. 27, 60 South. 908; 117 Ala. 93, 23 South. 130. Failure of the accused to testify creates no presumption against him, and is not the subject of comment by counsel. Code 1907, § 7894; 105 Ala. 60, 17 South. 114. The trial court may not charge upon the effect of testimony, unless required to do so by one of the parties. A charge ex mero motu that defendant is guilty of murder or nothing is a charge upon the effect of the evidence. Code 1907, § 5362; 112 Ala. 64, 20 South. 925; 197 Ala. 313, 72 South. 637; 138 Ala. 57, 34 South. 993.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Circumstantial evidence may afford satisfactory proof of the corpus delicti. 207 Ala. 444, 93 South. 460. The ruling on the argument of the solicitor was not error under 16 Ala. App. 514, 79 South. 507. There being no evidence tending to show a case of manslaughter, the court properly declined to instruct the jury as to manslaughter in either degree. 1 Mayf. Dig. 640.

ANDERSON, C. J. [1] Section 7894 of the Code of 1907 provides that:

"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

The defendant did not take the stand as a witness in the case, and the solicitor in his argument to the jury stated:

"If he had an excuse, why didn't he tell you about it? If he has a reason, why didn't he give it?"

The logical and reasonable effect of these remarks could only have suggested to the jury the failure of the defendant to take the stand and give an excuse or reason, if he had one, and violated the above-quoted section of the Code. Stone v. State, 105 Ala. 60, 17 South. 114. True, while the court held in this case that the remarks were improper, the case was not reversed for same, because the defendant did not have a sufficient objection and exception. Here the defendant objected to the argument and excepted to the court's refusal to sustain said objection; also moved to exclude same and excepted to the action of the court in refusing to exclude. Nor was this error cured, or the prejudicial effect of same removed, by the statement of the solicitor, when objection was made, that he was "referring to counsel, not to the defendant." He may have intended to refer to counsel, but the only reasonable deduction to be gathered by the jury from the remarks was that the defendant was in default for failing to take the stand and make an explanation or render an excuse.

[2, 3] We think that a sufficient predicate was established for the introduction of the confession, both as to the corpus delicti and the voluntary making of same. Rollins v. State, 18 Ala. App. 354, 92 South. 35; Hill v. State, 207 Ala. 444, 93 South. 460.

[4] The trial court committed no reversible error in that part of the oral charge as excepted to, in declining to define manslaughter, as the proof showed murder or nothing.

Houston v. State, 208 Ala. 660, 95 South. 145, and cases there cited.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, GARDNER, and MILLER, JJ., concur.