[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 73 
Section 7894 of the Code of 1907 provides that:
"On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."
The defendant did not take the stand as a witness in the case, and the solicitor in his argument to the jury stated:
"If he had an excuse, why didn't he tell you about it? If he has a reason, why didn't he give it?"
The logical and reasonable effect of these remarks could only have suggested to the jury the failure of the defendant to take the stand and give an excuse or reason, if he had one, and violated the above-quoted section of the Code. Stone v. State,105 Ala. 60, 17 So. 114. True, while the court held in this case that the remarks were improper, the case was not reversed for same, because the defendant did not have a sufficient objection and exception. Here the defendant objected to the argument and excepted to the court's refusal to sustain said objection; also moved to exclude same and excepted to the action of the court in refusing to exclude. Nor was this error cured, or the prejudicial effect of same removed, by the statement of the solicitor, when objection was made, that he was "referring to counsel, not to the defendant." He may have intended to refer to counsel, but the only reasonable deduction to be gathered by the jury from the remarks was that the defendant was in default for failing to take the stand and make an explanation or render an excuse.
We think that a sufficient predicate was established for the introduction of the confession, both as to the corpus delicti and the voluntary making of same. Rollins v. State, 18 Ala. App. 354,92 So. 35; Hill v. State, 207 Ala. 444, 93 So. 460.
The trial court committed no reversible error in that part of the oral charge as excepted to, in declining to define manslaughter, as the proof showed murder or nothing. *Page 74 
Houston v. State, 208 Ala. 660, 95 So. 145, and cases there cited.
The judgment of the circuit court is reversed, and the cause is remanded.
Reversed and remanded.
SAYRE, GARDNER, and MILLER, JJ., concur.