## ADKISSON v. STATE. (4 Div. 32.)

(Court of Appeals of Alabama. May 12, 1925. Rehearing Denied June 9, 1925.)

1. **Intoxicating liquors** ⊂⊃238(1)—Where charge sufficiently sustained by evidence, general charge properly denied.

In prosecution for violating liquor law, when the evidence, if believed by the jury beyond a reasonable doubt, was sufficient and sustained the charge, it was not error to refuse the general charge requested by defendant.

2. **Criminal law** ⊂⊃368(1)—Evidence that a man returned from behind defendant's house with liquor, admissible as res gestæ.

In prosecution for possessing liquor, evidence that a man went behind defendant's house without any kegs and shortly thereafter returned with two jugs containing rum was admissible as res gestæ.

3. **Criminal law** ⊂⊃531(3)—Predicate for admission of confession held sufficient.

In the absence of any evidence tending to prove the presence of other persons at the time of a statement in the nature of a confession, a proper predicate is laid by showing that the person to whom the statement was made, held out no inducements, and made no promises to induce the statement.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Robert Adkisson, Jr., was convicted of possessing prohibited liquors, and he appeals. Affirmed.

Fleming & Yarbrough, of Elba, for appellant.

The affirmative charge should have been given for defendant. Oldacre v. State, 16 Ala. App. 151, 75 So. 827; Ammons v. State, ante, p. 283, 101 So. 511; Fair v. State, 16 Ala. App. 152, 75 So. 828; Spelce v. State, 17 Ala. App. 401, 85 So. 835. Failure to show no one other than witness was present and made no threats rendered the confession by defendant inadmissible. Sample v. State, 1 Ala. App. 89, 56 So. 30; McAlpine v. State, 117 Ala. 93, 23 So. 131; Wright v. State, 3 Ala. App. 24, 58 So. 68; Dudley v. State, 19 Ala. App. 519, 98 So. 490; McCullars v. State, 208 Ala. 182, 94 So. 55.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The testimony was sufficient to submit to the jury. The confession of defendant was admitted without error. Austin v. State, 18 Ala. App. 160, 89 So. 854; Carr v. State, 17 Ala. App. 539, 85 So. 852.

SAMFORD, J. [1] The testimony for the state, if believed by the jury beyond a reasonable doubt, was sufficient and sustained the charge, and therefore the court did not err in refusing the general charge as requested by defendant.

[2] It was relevant, as part of the res gestæ, to prove by the witness Maddox that Wise went behind defendant's house without any jugs, and shortly thereafter returned with two jugs containing rum.

[3] In the absence of any evidence tending to prove the presence of other persons at the time of a statement in the nature of a confession, a proper predicate is laid by showing that the person to whom the statement was made made no threats, held out no inducement and made no promises to induce the statement. Austin v. State, 18 Ala. App. 160, 89 So. 854.

There is no error in the record, and the judgment is affirmed.

Affirmed.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes