(104 So. 886)

**COGGINS v. STATE.** (4 Div. 110.)

(Court of Appeals of Alabama. May 26, 1925. Rehearing Denied June 30, 1925.)

1. **Criminal law** ⟳531(3)—**Defendant's admissions held admissible, where secured without threats or promise of reward.**

Admissions in nature of confessions of defendant were admissible, where witnesses testified that they were procured without threats or promise of reward.

2. **Criminal law** ⟳753(2)—**Defendant's request for affirmative charge as to count eliminated by court held properly refused.**

Defendant's request for affirmative charge as to count which had been eliminated by oral charge of court was properly refused.

3. **Criminal law** ⟳814(5)—**Intoxicating liquors** ⟳139—**Charge held properly refused as not stating a correct proposition of law and being abstract.**

In liquor prosecution, charge that it was not a violation of state law for one to have in possession mixture testified about and called beer *held* properly refused, as not stating a correct proposition of law and being abstract.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Mack Coggins was convicted of violating the prohibition law, and he appeals. Affirmed.

The state's witnesses Baskin and Thompson testified that they were in the party of officers who made the raid and capture of the still in question, that they two arrested defendant, and that he made a statement to them.

To the witness Baskin the solicitor propounded this question: "Did you make any threats against him, or offer him any reward, or any remuneration, or any inducement whatever to get him to make the statement?"

The witness answered: "We did not." Thereafter, over defendant's objections and exceptions, the witness was permitted to give the statement made by defendant.

To the witness Thompson these questions were propounded: "Well, before you had that conversation, * * * did you make any threats against him?" "Did you offer him any inducement of any kind, or make any threats of any kind to get him to make the statement?" The witness answered, "No, sir, I didn't" and "No, sir; none at all."

Charges 2 and 5, refused to defendant, are as follows:

"(2) If you believe the evidence in this case, you cannot convict the defendant under count 2 in the indictment."

"(5) I charge you that it is not a violation of the law of Alabama for one to have in possession the mixture testified about in this case and called beer; according to the evidence before you."

Ballard & Brassell, of Troy, for appellant.

The admission of the testimony as to defendant's alleged confession was error. Carr v. State, 17 Ala. App. 539, 85 So. 852. Charge 2 should have been given. Moon v. State, 19 Ala. App. 176, 95 So. 830; Hanson v. State, 19 Ala. App. 249, 96 So. 655.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Charge 5 was properly refused. Glaze v. State, 20 Ala. App. 7, 100 So. 629. The proper predicate was laid for admission of defendant's confession. Carr v. State does not apply.

RICE, J. The defendant was convicted of the offense of having in possession a still, etc., to be used for the purpose of manufacturing prohibited liquors, and appeals.

It would neither serve a useful purpose, nor bring out any new principle in the already many times construed statutes governing this case, for us to detail the evidence offered upon the trial in the lower court. Under the rule heretofore enunciated in Glaze v. State, 20 Ala, App. 7, 100 So. 629, the guilt vel non of the defendant was under the evidence properly submitted to the jury.

[1] The exceptions reserved to the allowance in evidence of the admissions, in the nature of confessions, of the defendant are without merit. The questions asked the witnesses Baskin and Thompson, and their answers thereto, with reference to the said admissions, show, when considered together, that they do not fall within the inhibition of the rule laid down in Carr v. State, 17 Ala. App. 539, 85 So. 852.

We have examined each exception reserved during defendant's trial, and find no prejudicial error in any ruling complained of.

[2, 3] The trial court properly refused to

---

give written charges 2 and 5, the first because count 2 was eliminated by the oral charge of the court, and the second because same does not state a correct proposition of law, and besides was abstract.

There being no prejudicial error apparent, let the judgment be affirmed.

Affirmed.