(133 So. 305)

## WARD v. STATE.
### 6 Div. 930.

Court of Appeals of Alabama.
March 24, 1931.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

In the case of Carr v. State, 17 Ala. App. 539, 85 So. 852, this court discussed the rule as to admission of confessions in a criminal case and defined the necessary predicate for the admission of this character of evidence.

In the case at bar the principal insistence of error appears to be rested upon the exceptions reserved to the court's rulings in admitting evidence of inculpatory statements, in the nature of confessions, without a proper predicate. In this, the appellant cannot be sustained. It is clearly apparent that the trial court adhered to the necessary rule of evidence announced in the Carr Case, supra, and in each instance required the state to prove a proper predicate for the admission of evidence as to the alleged confessions of the accused. These predicates as they appear in the record are full and complete and met every requirement. Before the admission of this evidence the corpus delicti had been fully proven without dispute, evidence of confessions by the accused was therefore admissible, and no error appears in any of the court's rulings in this connection.

Upon the trial the defendant introduced as witnesses, to testify in his behalf, numerous of his kinspeople. The argument of the solicitor to the jury, to which objections were interposed, was founded upon this evidence, and the court properly ruled the argument was legitimate, and the statements by the solicitor were mere deductions based upon the evidence which had been adduced.

There was no exception to the court's oral charge; nor was it susceptible of objection. It covered the law applicable to this case and was well stated. In addition thereto numer-

ous special charges were given at the instance of defendant.

■ Refused charge 2, as it appears in this record, is involved and unintelligible; it is not predicated upon the evidence, and for other reasons was properly refused.

■ Charge 3, refused to defendant was not in point; the evidence was in conflict and presented a jury question. This charge was affirmative, and its refusal was without error.

■ Refused charge 5 had reference only to the offense charged in count 2 of the indictment. The accused was convicted by the jury under count 1, and this verdict operated as an acquittal of the offense to which this charge alluded. This, if for no other reason, renders the refusal of the charge proper and without error, as no injury to the accused followed as a result of its refusal.

■ Refused charges 6 and 7 were bad, if for no other reason, because of the use of the term "possibility." There is a wide difference between possibility of innocence and probability of innocence. Sims v. State, 100 Ala. 23, 14 So. 560; Nichols v. State, 100 Ala. 23, 14 So. 539; Bain v. State, 74 Ala. 38.

After a careful and attentive consideration of this entire record, we are of the opinion that this appellant was accorded a fair and impartial trial in the court below, and that no error intervened during the trial. As stated, under the conflicting evidence, a question of fact only was involved, and this evidence we think was ample to justify the jury in returning its verdict, and sufficient to sustain the judgment of conviction pronounced and entered in the lower court. The judgment is affirmed.

Affirmed.