# Walker *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Evidence of prior acts, as relative to intent.*—The defendant being indicted for an assault with intent to murder a mulatto woman, with whom he had maintained an illicit connection for several years, and the evidence tending to show that he shot her because of her persistent refusal to return and live with him as before; it is competent for the prosecution to prove, as bearing on the question of intent, the relation which had existed between them, his repeated efforts to induce her to return, her persistent refusals, his following her from place to place, his threats on each refusal, and his demonstrations of violence on such occasions.

2. *Subsequent threats, impliedly admitting former acts.*—The prosecution may also prove, in such case, that after the indictment had been found, and a few weeks before the trial, as the defendant passed the woman in the court-house, he said to her, "*I'll get you yet;*" the remark involving, not only a threat, but an admission of a former act of violence, and illustrating the intent of the previous assault.

3. *Remarks of judge, in hearing of jury, on evidence.*—At the conclusion of the court's general charge to the jury, on the trial of a prosecution for an assault with intent to murder, the counsel for the defendant called attention to the failure of the court to charge the jury specially as to the offense of an assault and battery, and the presiding judge replied, "*I know of no evidence in the case which would warrant a verdict for assault and battery;*" *held,* that this would be a reversible error, if there had been any evidence before the jury on which a verdict for an assault and battery only could be sustained; but, as the bill of exceptions purported to set out all the evidence, and showed no evidence which would have justified such a verdict, the remark could have worked no injury.

4. *Drunkenness as excusing or mitigating crime.*—The intoxication of the defendant at the time of the shooting, charged as an assault with intent to murder, can not avail him anything, unless he was at the time so drunk as to be incapable of forming an intent to take life; and "evidence tending to show that, on the morning of the shooting," which occurred about half past eight o'clock, "he was drinking continuously from four o'clock until seven, and was drunk. at seven," without more, "falls far short of showing" this degree of drunkenness.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, A. C. Walker, was indicted · for an assault on Daisy Harris, a mulatto woman, with intent to murder her; was tried on issue joined on the plea of not guilty, convicted, and sentenced to imprisonment in the penitentiary for the term of five years. On the trial, as the bill of exceptions shows, the State introduced evidence tend-

ing to prove that the defendant and said Daisy Harris had been living together in adultery for two or three years, in Montgomery, Birmingham, and Pensacola; that she left him in May, 1887, and refused to return notwithstanding his repeated efforts to persuade her; that in November, 1887, on the evening before the shooting charged as an assault in this case, she came into Montgomery on the railroad train from Birmingham, and was met at the depot by the defendant, who begged her to get into a hack with him, cursed and threatened to kill her on her refusal, and followed her to the house at which she stopped; that he went again to the house on the next morning, had a conversation with her, and they shook hands on parting; that the woman was at that time under indictment in the City Court of Montgomery for vagrancy, and the defendant was a witness against her; that she went to the office of Rice & Wiley, her attorneys, soon after eight o'clock in the morning, and found the defendant there; that each of them carried a pistol openly; that she declared to Mr. Wiley her fears of the defendant, but he said, in reply, that he would not "hurt a hair of her head," though she had ruined him; and that when she started to go to the court-house, after some little delay, the defendant immediately preceding or following her, the shooting occurred in the hall outside of the office, or on the stairway leading down into the street. This being in substance the evidence before the jury, the prosecution proposed to prove by said Daisy Harris, "that once in Birmingham, in the court-house, the defendant said to her, '*I will kill you, even if you were in the arms of the judge*,'"; also, "that afterwards, but before the shooting, in the streets of Birmingham, *the defendant threatened to kill her, drew his pistol on her, and ordered her to stop*, but did not attempt to carry out his threats;" also, " that after the finding of the indictment in this case, and about two weeks before the trial, in the court-house in Montgomery, as the defendant passed her he said, '*I'll get you yet.*'" To each part of this evidence, as shown by the italicized letters, the defendant objected, and reserved exceptions to the overruling of his several objections. The bill of exceptions purports to set out "all the evidence in substance," and contains this statement: "There was evidence tending to show that, on the morning of the shooting, which occurred about half past eight o'clock, the defendant was drinking continuously from four o'clock until seven, and was drunk at seven."

[Walker v. The State.]

The defendant reserved exceptions to several charges given by the court at the instance of the State, as follows:

1. "In determining whether or not the defendant had the intent to take the life of Daisy Harris, the jury may consider the facts, if they be facts, that he drew a pistol on her in Birmingham prior to the shooting here charged, and ordered her to stop; that afterwards, but before the shooting, he again threatened to take her life; and that on the morning of the shooting, he went to the office of Rice & Wiley, where she was, and there shot her with a deadly weapon,—in connection with all the other evidence in the case; and if they believe from the whole evidence, beyond a reasonable doubt, that the defendant had, at the time of the shooting, the intent to take the life of Daisy Harris, and that he shot with malice, and not in self-defense, and that this occurred last November in Montgomery county,—then they must convict the defendant as charged."

2. "Voluntary drunkenness is no excuse for crime, and unless the defendant was, at the time of the shooting, so drunk as to be incapable of forming an intent to take life, his being drunk can not avail him anything."

3. "The jury are authorized to presume malice from the use of a deadly weapon, unless the facts which establish the shooting rebut the presumption of malice; and if, from the use of a deadly weapon, and the manner of its use, and from the threats made, if any were made, and the other evidence in the case, the jury believe, beyond a reasonable doubt, that the defendant shot Daisy Harris with malice, in November last, in this county, and shot her with the intent to take her life, and not in self-defense,—then the defendant would be guilty as charged."

The defendant also requested the following charge in writing, and duly excepted to its refusal: "Unless the jury believe from the evidence, beyond all reasonable doubt, that the defendant shot Daisy Harris, not in the heat of passion, they can not convict him of an assault with intent to murder." The court refused this charge, and the defendant excepted.

No counsel appeared in this court for the appellant, so far as the record and the dockets show.

Thos. N. McClellan, Attorney-General, for the State.

CLOPTON, J.—All minor or evidentiary circumstances,

which tend to shed light on the intent of the defendant, are admissible in evidence against him, though they may have transpired previous to the commission of the offense. Motive is an inferential fact, and may be inferred not merely from the attendant and surrounding circumstances, but, in conjunction with these, all previous occurrences having reference to, and connected with the commission of the offense. It having been shown that the defendant and the woman injured had lived in adultery for some time, and that she left him, in May, 1887; and there being evidence tending to show, that he shot her because of her persistent refusal to return and live with him; the relation which had existed, and the defendant's repeated and continuous efforts, growing out of such relation, to induce her to return, her repeated refusals, his following her from place to place, his threats in consequence of her continued refusal, and demonstrations of violence on such occasions, are each and all competent evidence to go to the jury, in connection with the immediate circumstances of the injury, from which may be inferred the intent with which the assault was made.

If it be said, that the weight and force of some of the transactions and declarations should be regarded as weakened or lessened by the lapse of time, such probable effect is more than counteracted by the constant and frequent repetitions, continuing up to, or about the time of the injury. But, if entitled to little weight, they nevertheless can not be considered incompetent or irrelevant evidence.—*Johnson v. State*, 17 Ala. 618; *Hudson v. State*, 61 Ala. 333; *Evans v. State*, 62 Ala. 6.

The menace made by defendant in the court-house, after the indictment was found, and about two weeks before the trial, was not merely a threat having reference to the future exclusively; it also referred to a past act, and included an implied admission, in the form of a threat, of the previous attempt to kill her, and though having failed, he would yet accomplish his intention. It manifested his state of feeling towards the person whom he had seriously wounded, not only at the time of the menace, but also at the time of the assault, and that he still cherished the malicious intent. The evidence comes within the spirit and reason of the rule laid down in *Henderson v. State*, 70 Ala. 29; and *McManus v. State*, 36 Ala. 285.

The court having omitted, in the general charge, to instruct the jury specifically as to the offense of assault and

battery, counsel called attention to the omission.    In response
the presiding  judge remarked,  "I know of  no evidence in
this case, which would warrant a verdict for assault and bat-
tery."    Counsel excepted to the remark of the judge, but did
not state any evidence on which to base such charge, and did
not request any special charge on the question.    It may be
conceded that, had there been any evidence, on which a ver-
dict for the minor offense could have been reasonably found,
·such remark in the hearing of the jury would work a reversal
of the judgment.    But, on examination, the record, which
purports to set out all the evidence, does not disclose any,
unless it be the proof that the defendant was drunk a short
time before the difficulty.    This testimony falls far short of
showing that he was so intoxicated as to incapacitate him to
form the design to kill, or the intent to murder.—*Morrison
v. State*, 84 Ala. 405.

The charges given at the instance of the prosecution state
the law in accordance with our  uniform rulings.—*Baker v.
State*, 81 Ala. 38; *Watson v. State*, 82 Ala. 10; *Storey v.
State*, 71 Ala. 329; *DeArman v. State*, 71 Ala. 351.

We discover no error in the record.
Affirmed.