(101 South. 442)

## HARDEN v. STATE.   (4 Div. 112.)

(Supreme Court of Alabama.   April 10, 1924. On Rehearing and Resubmission June 12, 1924.   Rehearing Denied Oct. 16, 1924.)

1. **Homicide** ⊙▭313(1), 348—**Verdict not fixing degree of murder fatally defective.**

Verdict not fixing degree of murder as required by Code 1907, § 7087, is fatally defective, and requires reversal and remand under section 6264.

2. **Criminal law** ⊙▭369(3) — **Antecedent circumstances shedding light on transaction admissible though disclosing commission of distinct crime.**

Antecedent circumstances, so connected with homicide as to shed light on transaction and defendant's connection therewith, are admissible though they disclose commission of another distinct crime.

3. **Homicide** ⊙▭170—**Occasion or cause of deceased's presence at place of killing may be proper inquiry.**

Occasion or cause of deceased's presence at place of killing may be proper inquiry in some cases.

4. **Homicide** ⊙▭9—**"Motive" and "intent" distinguished.**

"Intent" is ripened purpose to effect certain result and must exist in all homicide cases, while "motive" is moving power leading mind to desire result and form purpose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Intent; Motive.]

5. **Criminal law** ⊙▭342—**Question of motive important where evidence is conflicting or circumstantial.**

Where direct evidence is in conflict as to whether accused did act, or evidence is partially or wholly circumstantial on such issue, question of motive becomes leading inquiry.

---

⊙▭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Homicide 166(4)—Evidence of another crime to conceal which evidence tends to show crime charged was committed, admissible.**

If there is any evidence tending to support reasonable inference that homicide was committed to conceal another crime, evidence of such crime is admissible.

**7. Criminal law 342—Evidence of motive explaining other circumstances tending to show guilt admissible.**

Evidence of motive, however inconclusive alone, should go to jury, if it explains other circumstances tending to show guilt but must be weighed with caution always obtaining in passing on circumstantial evidence.

**8. Homicide 169(7)—Evidence of occurrences day before killing held admissible.**

In murder prosecution, evidence that defendant had gun in his hand when deceased and others came upon him in swamp, where there were several barrels of beer, on day before homicide, and that he invited them to return next day, stating that still would be running or that he would be running, held admissible in connection with controverted evidence as to accused's acts and declarations at time of homicide.

**9. Homicide 174(8)—Evidence of declarations, contrary to facts, tending to conceal accused's presence at time of killing, admissible against him.**

Evidence of declarations at variance with facts, tending to conceal accused's presence at time of killing, is admissible against him, without laying predicate for his impeachment as witness.

Appeal from Circuit Court, Pike County; Arthur E. Gamble, Judge.

George Harden was convicted of murder in the first degree, and he appeals. Affirmed on resubmission.

Rushton, Crenshaw & Rushton, of Montgomery, and John H. Wilkerson, of Troy, for appellant.

Failure to exclude immaterial and irrelevant testimony, involving defendant in the commission of another crime, constitutes reversible error. Blevins v. State, 204 Ala. 476, 85 South. 817; Cook v. State, 152 Ala. 66, 44 South. 549; Hainey v. State, 147 Ala. 146, 41 South. 968; Gainey v. State, 141 Ala. 72, 37 South. 355; Dean v. State, 98 Ala. 71, 13 South. 318. A witness cannot be impeached by showing contradictory statements unless a proper predicate has been laid. Hill v. State, 194 Ala. 11, 69 South. 941, 2 A. L. R. 509; Saulsbery v. State, 178 Ala. 16, 59 South. 476; Costello v. State, 176 Ala. 1, 58 South. 202; Bettis v. State, 160 Ala. 3, 49 South. 781.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Evidence of other offenses may be admissible to complete the res gestæ. Mason v. State, 42 Ala. 532; Gassenheimer v. State, 52 Ala. 313; Hobbs v. State, 75 Ala. 1; Seams v. State, 84 Ala. 410, 4 South. 521; Hawes v State. 88 Ala. 37, 7 South. 302; Ingram v. State, 39 Ala. 247, 84 Am. Dec. 782; Mattison v. State, 55 Ala. 224; Armor v. State, 63 Ala. 178; Churchwell v. State, 117 Ala. 126, 23 South. 72; 4 Michie's Dig. Ala. Rep. 149; Ray v. State, 126 Ala. 9, 28 South. 634; Underhill on Crim. Evi. (2d Ed.) 157. Testimony in contradiction of statements by defendant was admissible without a predicate. Armor v. State, supra; Walker v. State, 49 Ala. 398; 4 Michie's Ala. Dig. 141; Jones v. State, 120 Ala. 303, 25 South. 204; Montgomery v. State, 17 Ala. App. 469, 86 South. 132; Pynes v. State, 207 Ala. 395, 92 South. 664; Underhill Cr. Evi. (2d Ed.) 215; 1 Mayfield's Dig. 201; Hall v. State, 208 Ala. 199, 94 South. 59.

BOULDIN, J. The indictment is in the Code form for murder.

The verdict was as follows:

"We, the jury, find the defendant guilty as charged and fix his punishment at life imprisonment in the penitentiary of the state of Alabama."

The defendant was thereupon adjudged "guilty as charged in the indictment," and sentenced to "be imprisoned in the penitentiary of the state of Alabama for the term of his natural life."

"When the jury find the defendant guilty under an indictment for murder, they must ascertain, by their verdict, whether it is murder in the first or second degree." Code 1907, § 7087.

[1] By a uniform line of decisions since 1849 it has been declared that a verdict finding the accused guilty of murder which does not fix the degree is fatally defective on appeal. Cobia v. State, 16 Ala. 781; Levison v. State, 54 Ala. 520; Storey v. State, 71 Ala. 329; Fuller v. State, 110 Ala. 655, 20 South. 1020; Brown v. State, 109 Ala. 70, 20 South. 103; Watkins v. State, 133 Ala. 88, 32 South. 627; Howerton v. State, 191 Ala. 13, 67 South. 979; Mitchell v. State, 210 Ala. 30, 98 South. 285.

In this state of the record it becomes our duty to reverse and remand the cause. Code 1907, § 6264; Bigham v. State, 203 Ala. 162, 82 South. 192; Howerton v. State, supra.

Jim Stewart, the deceased, came to his death at a wildcat still in Buckhorn Swamp in Pike county. He died from a violent blow or blows on the head, fracturing the skull. He went to the still with Sollie McLendon, the only eyewitness for the state. Present also at the still were George Harden, defendant, Isaac Harden, his son, Frankie Wilkes,

his son-in-law, and Henry Wilkes. All these parties, including McLendon, stand indicted for the homicide.

It is not disputed that the difficulty arose from a friendly scuffle between Sollie McLendon and Henry Wilkes. The deceased became involved, a fight ensued between him and Henry Wilkes, resulting in Wilkes knocking Stewart down with a lightwood stick or knot. The state's witness testifies that Stewart presently began to get up, and while on his knees, George Harden struck him twice upon the head with the boll or back of an axe, whereupon Stewart fell over dead.

The defendant and other witnesses testify that deceased was never struck with an axe; that he never rallied from the blow or blows inflicted by Henry Wilkes, and died a few hours thereafter; and that the only connection of George Harden with the difficulty consisted of friendly efforts to stop the fight between Wilkes and Stewart.

After Stewart died there was a frame-up as to the place of the killing. Accordingly, the stills were hastily removed, the body of deceased carried to a field some three-fourths of a mile away, laid down as if he had fallen, another stick placed near the body, and knucks placed or replaced upon his hand. His death was then reported, and the body so remained until the sheriff arrived. The witness McLendon, with others, reported that death ensued at the hands of Henry Wilkes, giving the details of the difficulty in substance as on the trial, but laying the scene of the trouble in the field; also concealing and denying that the defendant had a hand in the killing.

On the trial Sollie McLendon testified that the defendant, George Harden, planned the frame-up, directing the removal of the body, the re-enacting of the scene as it occurred, except as to place, and that defendant and Frankie Wilkes, his son-in-law, be left entirely out of it. The defendant denied the truth of these statements.

The state, over objections of defendant, was allowed to introduce evidence to the effect that on the day preceding that of the killing, Jim Stewart, Sollie McLendon, and Jim Parks, while passing through the swamp, came upon the defendant, George Harden; that three or four barrels of beer were there; that defendant had a gun in his hand; and that he then invited the Stewart party to come down there the next day and the still would be running, or he would be running. The legality of this evidence is the main question presented for review.

The point is made by appellant that this evidence tended to show a separate criminal act having no connection with the homicide; that it tended to arouse feeling or resentment against the defendant; and that it is immaterial and highly injurious.

[2] It is the law that distinct criminal acts, having no connection with the homicide, and shedding no light on defendant's connection therewith, are inadmissible. Such testimony may tend to create an atmosphere upon the trial highly injurious to defendant. Care should always be taken not to convict a man of one alleged crime because he has been guilty of another.

On the other hand, antecedent circumstances may be so connected with the homicide as to shed light upon the transaction and defendant's connection therewith that they become admissible, although they disclose the commission of another and distinct crime.

[3] There are cases in which the occasion or cause of the presence of the deceased at the place of the killing may be a proper inquiry. We need not here inquire whether the evidence under review would be admissible on that ground alone.

[4, 5] Motive and intent are involved in homicide cases. These are not the same in law. "Intent" is the ripened purpose to effect a result; while "motive" is the moving power which leads the mind to desire the result and form the purpose. The intent must exist in all cases. If a crime is clearly shown to have been committed by the accused, as in case of one intentionally and without cause striking a deadly blow with an axe, the question of motive would be of little importance. But where the direct evidence is in conflict as to whether the accused did the act, or is partially or wholly circumstantial upon that issue, the question of motive becomes a leading inquiry.

[6] In such case if there is any evidence tending to support a reasonable inference that the homicide was committed to conceal another crime, evidence of such other crime is admissible.

[7] Wide latitude is given in search of a real motive to connect the accused with the killing. However inconclusive may be the evidence standing alone, if it explains other circumstances tending to show guilt, it should go to the jury as a circumstance to be weighed with that caution which should always obtain in passing upon circumstantial evidence. Walker v. State, 85 Ala. 7, 4 South. 686, 7 Am. St. Rep. 17; Johnson v. State, 17 Ala. 618; Gassenheimer v. State, 52 Ala. 313; Nail v. State, 12 Ala. App. 64, 67 South. 752; Hawes v. State, 88 Ala. 37, 7 South. 302; Underhill on Crim. Ev. § 154; note 105 Am. St. Rep. 987; note 62 L. R. A. 211; 30 C. J. p. 193, § 423.

[8] Without drawing inferences either way which could affect the cause on another trial, we conclude that in connection with the controverted evidence touching the acts and declarations of the accused at the time of the homicide, the evidence of the occurrence on the previous day was properly allowed to go to the jury.

[9] M. M. Adkins, a witness for the state,

testified that on the evening of the homicide witness saw the defendant, and "He told me that Sollie McLendon told him that Henry Wilkes had killed Jim Stewart, and was wanting a way to go and get him."

Evidence of declarations at variance with the facts, and· tending to conceal the presence of the accused at the time of· the killing, was admissible against him. No predicate for the impeachment of defendant, as a witness, need be laid for the admission of such declarations.

For the error above shown, the judgment of the court below is reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing ·and Resubmission.

BOULDIN, J. The state, on application for rehearing, moved this court to set aside the judgment of reversal and the order of submission, and to grant a writ of certiorari to correct the record. This motion, being supported by a certified transcript of the verdict and judgment of the court below, was granted.

On coming in of the return to the certiorari the cause was resubmitted. It thus appears that the verdict and judgment conformed to the statute, and the defects pointed out in the opinion were due to an incorrect transcript.

No error now appearing in the record as corrected, the judgment of the, court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.