(106 So. 926)

Henry WILKS v. STATE. (4 Div. 106.) (Court of Appeals of Alabama. Nov. 17, 1925. Rehearing Denied Dec. 15, 1925.) Appeal from Circuit Court, Pike County; G. F. Smoot, Judge. Henry Wilks was convicted of manslaughter in the first degree, and he appeals.

Affirmed. J. C. Fleming and J. N. Ham, both of Elba, for appellant. Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

It was error to admit evidence of what passed between Harden, Stewart, and McLendon the day before the killing. Beech v. State, 203 Ala. 529, 84 So. 753; Hill v. State, 210 Ala. 221, 97 So. 639; Dawkins v. State, 20 Ala. App. 54, 100 So. 619. Likewise evidence as to what was done with the dead body, and placing knucks on the hand of deceased. Leverett v. State, 18 Ala. App. 578, 93 So. 347.

Evidence of what transpired between defendant's co-conspirators prior to the commission of the crime was properly admitted. Eaton v. State, 8 Ala. App. 136, 63 So. 41; Smith v. State, 8 Ala. App. 187, 62 So. 575.

RICE, J. Appellant was convicted of the offense of manslaughter in the first degree, and sentenced to be imprisoned in the penitentiary for a term of 10 years. Jim Stewart, the deceased, came to his death at a wildcat still in Buck Horn swamp in Pike county. He died from a violent blow or blows on the head, fracturing the skull. The defendant went to the still, as did Sollie McLendon and the deceased. Present also at the still were George Harden, Isaac Harden, his son, and Frankie Wilks, defendant's brother. All these parties, including McLendon, were indicted for the homicide. It is not disputed that the difficulty arose from a friendly scuffle between Sollie McLendon and the appellant. The deceased became involved; a fight ensued between him and the appellant, resulting in appellant's knocking Stewart, deceased, down with a light wood stick or knot, inflicting a wound, according to the testimony, sufficiently severe to cause death. After Stewart died, there was a frame-up as to the place of the killing. Accordingly the stills were hastily removed, the body of deceased carried to a field some three-fourths of a mile away, laid down as if he had fallen, another stick placed near the body, and knucks placed or replaced upon his hand. His death was then reported, and the body so remained until the sheriff arrived. The defendant himself, as well as others, reported that death ensued at the hands of defendant, giving the details of the difficulty in substance as on the trial, but laying the scene of the trouble in the field. The evidence introduced by the state, over defendant's objections, as to what passed between George Harden, indicted along with defendant for the homicide in question, and Sollie McLendon, also so indicted, on the day previous to that of the homicide, if not admissible under the ruling of the Supreme Court in Harden v. State, 211 Ala. 656, 101 So. 442, was so clearly without injury to this defendant that no reversal of the case would be predicated thereon. Anyhow, it occurs to us, and we so hold, that defendant's own testimony, given while testifying as a witness in his own behalf, in this case, removes all the legal difficulties involved on this appeal. Under his said testimony, the question of his guilt vel non of the offense charged was fairly, and under correct instructions as to the law, left with the jury. The oral charge of the court covered correctly every phase of the case, and the several written charges refused defendant were either incorrect, covered by said oral charge, or abstract. We find no prejudicial error in the record, and the judgment is affirmed. Affirmed.