(127 So. 681)

## JONES v. STATE.
### 8 Div. 913.

Court of Appeals of Alabama.
April 8, 1930.

494

Almon & Almon, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The indictment, upon which this appellant was tried and convicted, contained two counts. His conviction was rested upon the first count, which in proper form and substance charged that he "did distill, make, or manufacture alcoholic, spirituous, malted or mixed liquors or beverages, a part of which was alcohol, contrary to law," etc.

[1] But two questions are presented for the consideration of this court. The first relates to the action of the court in refusing to de-fendant the general affirmative charge. There was no error in this ruling. The facts adduced upon the trial were sufficiently incriminating as to this appellant to carry the case to the jury. There was evidence which tended to show, and this without dispute, that the arresting officers saw him on two or more occasions carrying wood to the still in question. That he was seen to gather the wood from a nearby field and carried to the still and put it down. On his second trip he put the wood down at the still and immediately ran, but was apprehended and arrested nearby by one of the several officers who had the still surrounded. When arrested he was in his undershirt and pants, and the evidence disclosed without dispute that a top shirt, claimed by him as his own, was hanging upon a sapling nearby, and that at his request he was allowed by the officers to put this shirt on. The still in question was in all things complete and at the time of the raid was in operation. Large quantities of beer or mash containing alcohol was at the still, and upon the approach of the officers they saw this party and another working around the still. From this evidence the general affirmative charge in favor of the accused was not in point. The court properly so held.

The remaining question has reference to an exception reserved by defendant to the ruling of the court in overruling defendant's motion to declare a mistrial because of alleged improper remarks by the solicitor in his argument to the jury. In this connection it appears from the record that the defendant did not take the stand and testify as a witness in his own behalf. This, of course, he had the right to do under the Constitution. Article 1, section 6, of the Constitution 1901. The statute also gives a similar right. Section 5632 of the 1923 Code provides: "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel." The alleged improper argument complained of was the statement by the solicitor, "He did not deny he was at the still." Such remark was improper and should not have been made. It was invasive of the defendant's legal rights aforesaid, and was within the inhibition of the statute above quoted. The tendency of this remark was to bring directly to the attention of the jury, and to emphasize, the fact that the defendant had not availed himself of his legal right to testify in his own behalf, and was a comment by the state's counsel of his failure to make the request to testify in his own behalf as a witness. The further remark by the solicitor when the objection was interposed,

to wit, "I did not mean to refer to the fact that the defendant did not testify," tended to emphasize the fact that he had not done so. That it was injurious to defendant and calculated to affect his substantial rights cannot be doubted. Upon the objection being interposed and motion for mistrial, the court stated "I will not grant him a mistrial. The statement, 'he did not deny it' is withdrawn from the jury"—was insufficient to right the wrong that had been done and was abortive to this end. In the case of Taylor v. State, 22 Ala. App. 428, 116 So. 415, 416, this court said: "The office of solicitor is of the highest importance; he is the representative of the state, and as a result of the important functions devolving upon him as such officer necessarily holds and wields great power and influence, and as a consequence erroneous insistences and prejudicial conduct upon his part tend to unduly prejudice and bias the jury against the defendant; this, without reference to the instructions of the court. The test in matters of this kind is not necessarily that the conduct of the solicitor complained of did have such effect upon the jury, but might it have done so?"

In Stone v. State, 105 Ala. 60, 17 So. 114, 118, the Supreme Court said: "The statute forbids ·comment in argument of a criminal cause upon the failure of the defendant to testify. * * * We construe both the remarks * * * made by the solicitor to be within the inhibition of the statute. * * * To bring questions growing out of improper arguments of counsel under revision, the trial court must first be appealed to, to remedy the wrong by eradicating any effect the argument may have had from the minds of the jury, through appropriate instructions given them at the time, and otherwise. If the court fails to act upon such appeal being made to it, .or ·acts erroneously, an exception reserved to the ·act or omission of the court, * * * will bring the question before us." See also the ·case of Canada v. State, 22 Ala..App. 495, 117 So. 398. Bestor v. State, 209 Ala. 693, 96 So. ·899. In Jones v. State, 21 Ala. App. 234, 109 ·So. 189, 190, this court said: "It is the first, and one of the highest duties of a trial judge to see "that a defendant on trial in a criminal case has a fair and an impartial trial."

█ The fact of this appellant being at the still at the time in question was a material issue in this case, and his plea of not guilty made it incumbent upon the state to prove that fact by the evidence beyond a reasonable doubt and to a moral certainty. A statement by the solicitor cannot be considered to establish such fact. For the error indicated the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.