154 So. 778

**DOUGHTY v. STATE.**

6 Div. 495.

Supreme Court of Alabama.

May 17, 1934.

D. D. Patton, of Carrollton, and Harwood & McQueen, of Tuscaloosa, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

KNIGHT, Justice.

The appellant, defendant in the court below, was indicted by a grand jury in the circuit court of Pickens county for the offense of murder in the first degree. Upon his arraignment, the defendant pleaded not guilty, and not guilty by reason of insanity.

· The evidence in the case leaves no room to doubt that the defendant shot and killed Hayes Rozelle, while the latter was driving an automobile in which the defendant was riding. There were no other occupants in the car.

The main defense interposed in the case was that the defendant was insane at the time he did the act.

The jury returned a verdict in the following words: "We, the jury, find the defendant guilty as charged in the indictment and fix the punishment at life in prison." The court received the verdict, discharged the jury, and sentenced the defendant thereon to imprisonment in the penitentiary for the term of his natural life. This action of the court was manifestly erroneous. The verdict was fatally defective. It was the duty of the jury to ascertain, by their verdict, whether it was murder in the first or second degree. Such has been the uniform ruling of this court for upward of fifty years. Harden v. State, 211 Ala. 656, 101 So. 442; Howerton v. State, 191 Ala. 13, 67 So. 979; Cobia v. State, 16 Ala. 781; Levison v. State, 54 Ala. 520; Storey v. State, 71 Ala. 329; Fuller v. State, 110 Ala. 655, 20 So. 1020; Brown v. State, 109 Ala. 70, 20 So. 103; Watkins v. State, 133 Ala. 88, 32 So. 627; Mitchell v. State, 210 Ala. 457, 98 So. 285.

■ The court should have declined to receive the verdict in the form presented, and should have required the jury to resume their deliberations, to the end that, if they should find the defendant guilty of murder in either degree, they should ascertain and fix by their verdict whether it was murder in the first or second degree.

■ There was no error in declining to permit Dr. Wimberly to testify as to whether he made a favorable or unfavorable report to the insurance company at the time he examined the defendant previous to the killing. We assume that it was the purpose of defendant to show that Dr. Wimberly had made an unfavorable report. This was clearly an effort on the part of defendant to bolster the testimony of the witness, and was not permissible. Craig v. Craig, 5 Rawle (Pa.) 91; Metropolitan Life Ins. Co. v. Usher, 226 Ala. 314, 146 So. 809.

■ However, the court committed error in sustaining the state's objection to the following question propounded by the defendant's attorney to the witness, Dr. Wimberly: "At the time you made the examination, what condition did you find the defendant in mentally?" This question called for competent and legal testimony, and the refusal of the court to allow the question was erroneous. Mitchell v. Parker, 224 Ala. 149, 138 So. 832; Howard v. State, 172 Ala. 402, 55 So. 255, 34 L. R. A. (N. S.) 990.

■ But this error was rendered innocuous, as the witness thereafter was allowed to testify that the defendant was insane at the time he made the examination referred to in the question, and was still insane.

■■ The court overruled defendant's objection to the following question propounded on cross-examination of the witness Dr. Faulk by counsel for the state: "If this Mr. Doughty was feigning and putting on a show for you doctors and did get over his trial and get out, you would be mistaken now?" In asking this question, the attorney for the state was merely arguing with the witness. The question should not have been allowed, but we would not reverse the case on account of such ruling of the court.

■ The following question propounded by the attorney for the state to Dr. Faulk should not have been allowed: "If a man got the devil in him and took you out on a lonely road and shot and killed you, you would not say he was insane, would you?" The im-

propriety of the question was apparent upon its face.

■ Likewise, the following question was clearly objectionable, and should not have been allowed over the timely objection of the defendant: "That he would be mean, have the devil in him, or would be crazy?"

■ A number of objections were made, and exceptions reserved, to portions of the argument to the jury made by counsel for the state. While some of the argument may have transcended proper bounds, yet, in view of the fact that the cause must be reversed for other errors, we need not consider these exceptions, as most probably such questions will not arise on another trial.

■ The substance of charge 1, requested by and refused to the defendant, was fully covered by the court in its oral charge, and by special charges given at the request of defendant.

■ Charge 5, requested by the defendant, was refused without error for the use of the term "either idiotic or otherwise." Besides, the principles of law asserted in this charge were fully covered by the court in its oral charge to the jury and in charges given at the request of defendant.

■ If it be conceded that charge 32 requested by defendant asserts a sound proposition of law, it was abstract, and therefore refused without error.

For the errors pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.