157 So. 861

## MARABLE v. STATE.
### 5 Div. 184.

Supreme Court of Alabama.
Nov. 30, 1934.

---

⊙⇒For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes.

Jas. W. Strother, of Dadeville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

KNIGHT, Justice.

The appellant was indicted in the circuit court of Tallapoosa county by a grand jury of said county for murder in the first degree. The specific charge being, that he unlawfully, and with malice aforethought, killed Ethel Marable, by striking her with an ax. The deceased was the wife of the appellant. The marriage between the two took place early in January, 1933, and the wife was killed, either by appellant, or some one else, on the morning of January 26, 1933.

That the deceased was foully murdered the evidence leaves no room to doubt; and the evidence tends to show motive on the part of the defendant to take the life of his wife. On a careful consideration of the evidence disclosed by the record, we are of the opinion that it was sufficient to carry the case to the jury, and, therefore, the defendant was not entitled to the affirmative charge, which was requested by him in writing.

■ The bill of exceptions shows that, after the court had submitted the case to the jury, and they had deliberated upon the case, they returned into court a verdict in the following form: "We the jury find the defendant guilty as charged in the indictment and fix his punishment in the penitentiary for life." By consent of the defendant, this verdict was corrected to read, "We the jury find the defendant guilty as charged in the indictment and fix his punishment at imprisonment in the penitentiary for life."

Thereupon, the court, in substance, stated to the jury that, as this was the last case to stand for trial, they would not be further needed and they were discharged, and that "they could repair to the clerk's office in the building and get their checks for their per diem." The bill of exceptions then proceeds: "The jury then began to move about as if moving away. But, before they had separated, although one of the jurors had reached the door about thirty feet distant from the body of the jury that was standing in front of him, the court discovered that the jury had failed to find as a part of their verdict the degree of the offense of which they found the defendant guilty and called the juror back who had gotten to the door, which was in view of the court, and the jury being in view of the court and the court seeing that juror who (was) walking away, they were recalled, and the court proceeded to state that they had failed to find as part of their verdict the degree of the offense for which they found the defendant guilty. Thereupon, the defendant's counsel objected to the jury being called together again, and at that stage of the proceeding and with that verdict before the court, the court gave to the jury the following form for their verdict, 'If you find the defendant guilty of murder in the first degree, the form of your verdict will be: We, the jury, find the defendant guilty of murder in the first degree and fix his punishment at imprisonment in the penitentiary for life,' and directed them to return to their jury room and prepare their verdict accordingly."

It is perfectly clear to our mind that the court upon the above facts acted within the law in recalling the jury to further consider the case, and to correct their verdict, which, as returned, failed to specify the degree of homicide. The court, in the first instance, should have declined to receive the imperfect verdict, and should have required the jury to return to their room to ascertain and report by their verdict the degree of homicide of which they found the defendant guilty. Doughty v. State, 228 Ala. 568, 154 So. 778, 779. However, if the verdict returned by the jury, on their second return to the court, was in proper form, the court should have received the same.

■■ It appears that the jury, after being recalled by the court, and further charged as to the form of their verdict, again returned into court with another verdict, but the court, on objection by defendant, declined to receive the second verdict, stating that it would enter up, and proceed to sentence the defendant on, the original verdict. And it so acted, actually entering upon the trial docket the verdict as first returned by the jury, which omitted to ascertain the degree of the homicide of which the jury had found

the defendant guilty. And the court thereupon, on April 8, 1933, adjudged the defendant guilty of murder in the first degree, on the original verdict of the jury as first returned into court. To which action of the court the defendant duly reserved an exception.

Afterwards, the defendant made motion for a new trial, and, upon the hearing of this motion, the state, through its solicitor, filed a motion to amend the judgment nunc pro tunc by bringing forward the second verdict of the jury, which the court had previously, on April 8, 1933, declined to receive. The court granted the motion of the solicitor, and ordered that the second verdict, which ascertained the degree of the homicide, be "taken and received as the verdict of the jury, although said second verdict had never been entered or recorded on the docket as a part of the bench notes, or on any other part of the record." This amended judgment was entered on April 27, 1934.

The verdict of the jury, which was first returned into court, and acted upon by the court in sentencing the defendant, was fatally defective in not ascertaining and fixing the degree of the homicide. This has been our uniform ruling. Doughty v. State, supra; Harden v. State, 211 Ala. 656, 101 So. 442; Howerton v. State, 191 Ala. 13, 67 So. 979; Cobia v. State, 16 Ala. 781; Levison v. State, 54 Ala. 520; Storey v. State, 71 Ala. 329; Fuller v. State, 110 Ala. 655, 20 So. 1020; Brown v. State, 109 Ala. 70, 20 So. 103; Watkins v. State, 133 Ala. 88, 32 So. 627; Mitchell v. State, 210 Ala. 457, 98 So. 285.

■ The proceedings had in the cause on April 27, 1934, culminating in the order and direction of the court that the second verdict attempted to be rendered by the jury, but which the court had rejected, and declined to receive as a verdict, were abortive, and the order of the court made on April 27, 1934, on the motion of the solicitor, to amend the judgment nunc pro tunc, was void. The judgment and sentence of the court must be based on, and correspond to, a valid and legal verdict. In this case there was no valid or legal verdict. The second verdict, if there was one, was not only not received by the court, but expressly rejected as a verdict. In entering judgment and sentence on the second verdict, there was also error.

There were some other questions presented by the appeal, but they will probably not occur on another trial, and we will, therefore, not discuss the same.

For the errors pointed out, the judgment of the circuit court must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS, BROWN, and FOSTER, JJ., concur.