36 So.2d 254

## HARRIS v. STATE.

### 8 Div. 620.

Court of Appeals of Alabama.

June 29, 1948.

Thos. C. Pettus, of Moulton, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

624

**HARWOOD, Judge.**

This appellant was by a jury found guilty of manslaughter in the first degree. The indictment charged murder in the second degree. Imprisonment in the penitentiary for a term of three years was the penalty duly imposed.

In the trial below a motion to quash the indictment was filed. Demurrers filed by the state to this motion to quash were sustained. In our opinion no error can be attached to the lower court's ruling in this premise because of the general and nonspecific character of the grounds assigned in support of the motion.

The victim around whom this case centers came to his death on a highway in Lawrence County. Circumstantial evidence presented by the state tended to establish the appellant's criminal agency in causing the death, and in our opinion was sufficient, if believed by the jury under the required rule, to justify the verdict rendered. No error therefore resulted in the court's action in refusing appellant's written request for the affirmative charge, nor in denying his motion for a new trial on the grounds that the evidence was insufficient to support the verdict.

We have refrained from setting out the evidence for in our opinion a reversal of this cause is dictated because of remarks of counsel for the state in their argument to the jury, in light of the fact that appellant did not testify in the trial below.

The record shows that in the opening argument to the jury the special prosecutor made the following statement:

"That there has no excuse been presented for him for his running over that man down there on the highway."

Appellant's objection to this remark being overruled, exception was duly reserved.

The record further shows that in his closing argument the solicitor stated to the jury:

"He took the truck down there and wanted to see about Clyde Jeffreys, but he don't want you to be informed on that."

Again exception was reserved to the court's action overruling the objection to this statement.

Still later in his argument the solicitor stated to the jury:

"We asked him in court *and he hasn't explained it.*" (Italics ours.)

In overruling appellant's objection to this last statement of the solicitor the court stated he would "instruct the jury on matters pertaining to that" during his oral charge. Exception to this last ruling was duly reserved.

In this connection the third paragraph of the court's oral charge, which is the only part of said charge tending to eradicate the effect of the above statements, is as follows:

"The defendant has come into court and has pleaded not guilty, as he has a right to do. The law of this state is when a charge is made, when a defendant is charged with an offense, he has a right to say, 'I am not guilty,' and he has a right to content himself and say no more until the State has proved to you beyond a reasonable doubt from the evidence, that he is guilty of the charge specifically written in that indictment, or some other offense which is included automatically in that charge. I will explain that to you."

The appellate courts of this state have with utmost diligence and consistency enforced both in letter and spirit the provisions of Section 305, Title 15, Code of Alabama 1940, that "On the trial of all indictments, complaints, or other criminal proceedings, the person on trial shall, at his own request, but not otherwise, be a competent witness; and his failure to make such request shall not create any presumption against him, nor be the subject of comment by counsel."

In Everage v. State, Ala.App., 33 So. 2d 23, 24,[1] Carr, Jr., has set out remarks of counsel that have been disapproved by the courts of this state because of their direct, or indirect and inferential, reference to the failure of the defendant to testify. The pertinent portion of the Everage opinion is as follows:

"During his argument to the jury the solicitor said: 'Gentlemen of the jury, there is not much to this case. The defendant offers no testimony here but character testimony.' The trial judge overruled appellant's objection to this statement, and the matter is properly presented for review.

"The defendant did not testify in his own behalf.

"It appears to us, and we so hold, that the statement of the solicitor was a comment on the failure of the defendant to testify. Clearly, the assertion is susceptible of this interpretion.

"Many cases in which this question is involved have found their way into our appellate courts. In this jurisdiction it is firmly settled, long maintained, and well recognized that a person on trial for a criminal offense shall only at his request become a witness in the cause and his failure or refusal to do so shall not create any presumption against his innocence nor can his declination to testify be made the subject of comment by counsel in argument to the jury. Title 15, Sec. 305, Code 1940.

"In the following cases the quoted statements were held to violate this rule: Baker v. State, 122 Ala. 1, 26 So. 194, 196. 'The defendant did not deny having left his sick wife, and fleeing the country' and 'the defendant did not deny that he went to Elijah Langford's house, and made the confession.' May v. State, 209 Ala. 72, 95 So. 279, 280. 'If he had an excuse, why didn't he tell you about it? If he has a reason, why didn't he give it?' Bestor v. State, 209 Ala. 693, 96 So. 899, 900. 'Look at the defendant, gentlemen. Doesn't she bear all the earmarks of a demon?' and 'Gentlemen, there she is. They don't want you to see her' and 'I don't blame them. I would not want people to see her either.'

Kilpatrick v. State, 213 Ala. 358, 104 So. 656. Counsel referred to the fact that defendant had not told the jury whether Coursey was present at the homicide. Arant v. State, 232 Ala. 275, 167 So. 540, 543. 'Nobody knows how they were shot but him, and whether he will ever state it or not, I don't know.' Jones v. State, 23 Ala. App. 493, 127 So. 681, 682. 'He did not deny he was at the still.' Lucas v. State, 24 Ala. App. 468, 137 So. 902. 'Why didn't the defendant go on the stand and testify in his own defense, if he was not guilty?' Austin v. State, 30 Ala.App. 267, 4 So.2d 442, 443. 'Gentlemen of the jury, you have not heard the testimony of the defendant yet.' Gable v. State, 31 Ala.App. 280, 15 So.2d 594, 596. 'Now, gentlemen of the jury, wouldn't it be unusual for Eades to have a stranger to come to Baldwin County and rob him; that's what Hutter says. All you have to consider as to the framed robbery is the testimony of Mr. Eades against that of Mr. Hutter—Gable didn't take the stand and I can't comment on that.'"

The first two statements made by the solicitor to the jury in this case might not in themselves be sufficiently prejudicial to require a reversal of this case. They are only oblique references to the defendant's failure to testify in this case. When they are read in light of the third statement they are however highly insinuating.

The third statement however, that "We asked him in court *and he hasn't explained it*" directly refers to this appellant's failure to testify in this cause. Since the appellant did not testify in the court below we are somewhat puzzled as to the meaning of the first part of the statement "We asked him in court." A permissible inference from this language is that the appellant was asked or "invited" *into* court by virtue of the indictment. A defendant's appearance under such circumstances partakes of a command performance rather than an invitation. Regardless, the import of the latter part of the statement "and he hasn't explained it" is with crystal clearness a reference to the appellant's failure to testify.

Such allusion in argument compels a reversal of this cause unless its injurious

---

[1] Ante, p. 291.

effect was eradicated by instructions by the court.

It is our opinion that the court's instructions in this direction, set out above, were inadequate in this instance.

 Utmost vigor and specificness must be employed by the trial court in its attempt to vitiate the injurious effect of arguments of the nature now being considered before an appellate court can, with confidence, consider the wound salved. We are clear to the conclusion that the court's instructions in this case fell below the instructive detail and the positiveness required in such instances.

Other points are urged in briefs of counsel for appellant. It appears they are unlikely to arise in another trial of this cause. In the interest of brevity we therefore refrain from discussing them.

This cause must therefore be reversed, and it is so ordered.

Reversed and remanded.