47 So.2d 245

## BYNUM v. STATE.

### 6 Div. 900.

Court of Appeals of Alabama.

April 11, 1950.

Rehearing Denied May 9, 1950.

Andrew W. Griffin and Winton G. Wilson, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

From a judgment of conviction for the offense of an assault with intent to rob, this appeal was taken.

This appeal has been considered by the court *en banc*.

The two principal questions to wit: The identity of the accused, and the sufficiency of the evidence to submit the case to the jury, upon the evidence, have had our careful study and consideration. Under the conflicting evidence we are of the opinion, so far as the foregoing is concerned, the court properly submitted the case to the jury.

We are of the opinion however that the cause must be reversed as a result of the improper and illegal argument of the Solicitor to the jury. This question is properly presented. Annie Key, a Negro woman, was a State witness and she testified that on the afternoon the alleged offense was said to have been committed the defendant entered her place of business and bought a coca cola from her and remained in her place of business for several minutes. That she and her grandchildren were in and about the store at the time he was there. That she and the defendant had a pleasant conversation about his wife and children, that he told her his name and where he lived, and finally left her place, and while he was there he acted like a perfect gentleman, that he made no false move during the whole time he stayed in her store. But notwithstanding this, the Solicitor in his closing argument to the jury stated, Annie Key "don't know how close she came to being robbed," and further, "he was waiting for

the grandchildren to clear out, and they didn't clear out."

In their original brief, earnest counsel for appellant make the following argument on this question: "The Solicitor trying this case, in his final argument to the jury, made highly inflammatory and prejudicial arguments, which were not based on evidence but were directly contrary to evidence given by the State's own witnesses. In one instance the Solicitor stated that Annie Key, a colored woman who operated a little grocery store, didn't know how close she came to being robbed. The defendant objected to this statement. The Court overruled the objection and the defendant reserved an exception. In line with that ruling the Solicitor further argued, that this defendant was waiting for the grandchildren of Annie Key to clear out before he robbed her, but that they did not clear out. This is a direct charge by the Solicitor that the defendant had the intention to rob another person not connected with this alleged crime in any way. It was made for the purpose of covering up the fact that there was no evidence sufficient to convict this defendant of the crime charged and was an appeal to the prejudice and passion of the jury, which resulted in their finding the defendant guilty. It is undisputed that the Solicitor may argue his inference from facts which are properly in evidence, but he may not argue as facts, facts which are not properly in evidence. Certainly, he may not argue inferences directly opposed to the facts as shown by the State's evidence. Annie Key was very particular in her examination to say that the defendant's conduct, while he was in her place, was above reproach. He made no suspicious move, statement or act. He conducted himself properly. He told her his name. He talked about her grandchildren and his own children. The Solicitor stated as a fact to the jury that he had an intention to rob her. The Solicitor stated as a fact to the jury that he was waiting for the grandchildren to clear out and they didn't. These were in direct conflict to the evidence given by the State's witness. She stated that her grandchildren were in and out of the store during the time the defend-

ant was there, and he conducted himself properly. It is not permissible for a solicitor to go outside of the record and attempt to draw surmises or suspicions from facts which are not in evidence, or from facts which are completely opposed to the surmises and suspicions so argued."

In their reply brief they stated: "The State cites no authority even indicating that the argument of the solicitor was appropriate, but dismisses the appellant's complaint on this ground with a statement that the testimony elicited from Annie Key justifies an inference that the appellant intended to rob her. Annie Key's testimony was in direct conflict with this claimed suspicion. Annie Key testified that Bynum acted like a perfect gentleman. He made no false move during the whole time he was in her store. This unfair and objectionable argument was made to bolster a case which was too weak otherwise to justify conviction. It was not a reasonable inference to draw from Annie Key's testimony. The verdict of guilty reflects this prejudicial argument and unfair trial afforded the defendant."

In our case of Jones v. State, 23 Ala.App. 493, 127 So. 681, 682, the court said: "The office of solicitor is of the highest importance; he is the representative of the state, and as a result of the important functions devolving upon him as such officer necessarily holds and wields great power and influence, and as a consequence erroneous insistences and prejudicial conduct upon his part tend to unduly prejudice and bias the jury against the defendant * * *. The test in matters of this kind is not necessarily that the conduct of the solicitor complained of did have such effect upon the jury, but might it have done so?"

The foregoing statement of the court is peculiarly applicable to the case at bar.

The motion of defendant for a new trial included, among other grounds, the foregoing insistence. We are of the opinion that error prevailed in the action of the court in overruling the motion. It follows, that the judgment of conviction from which this appeal was taken must be reversed.

Reversed and remanded.