60 So.2d 697

**BROADWAY v. STATE.**

8 Div. 89.

Court of Appeals of Alabama.

Feb. 19, 1952.

Rehearing Denied March 13, 1952.

Affirmed on Mandate Aug. 5, 1952.

Rehearing Denied Oct. 7, 1952.

1. Ante, p. 104.

Smith, Johnston & Butler, Huntsville, for appellant.

Si Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

CARR, Presiding Judge.

The accused was convicted of keeping a gambling table. Title 14, Sec. 265, Code 1940.

544

The defendant did not testify in the case nor introduce any witnesses in his behalf.

During the argument to the jury the solicitor made this statement: "Mr. Smith criticizes our witnesses in this case, but Mr. Smith has not given us any witnesses to criticize."

We are confronted with the task of determining whether or not this was a comment on the defendant's failure to testify.

■ At common law the defendant in a criminal case was not a competent witness in his own behalf. This seemed to be based on the notion that it would occasion the temptation to falsify and commit perjury.

In the historical development of our jurisprudence the riper wisdom forced the belief and idea that the mouth of the accused in a criminal case should not be closed.

This view inspired the enactment of laws that would nullify the prior prohibition. The clear aim of the passage of the laws was to abolish the rule which compelled the accused to sit dumb and to enable him, at his election, to give account of the facts and circumstances incident to the charge he was faced to defend.

However, the temptation to falsify was not overlooked, so it was deemed a part of good policy and wisdom to place some wholesome safeguards around the accused should he not elect to testify.

These protections are expressed in our statute, Title 15, Sec. 305, Code 1940: "* * * and his failure to make such request shall not create any presumption against him, *nor be the subject of comment by counsel.*" (Emphasis ours.)

In reviewing the infraction of the provisions of this statute, our appellate courts held that the matter was not presented unless the question was properly raised during the progress of the trial.

In 1949 the legislature amended the statute by adding this sentence: "If the solicitor or other prosecuting attorney makes any comment concerning the defendant's failure to testify, a new trial must be granted on motion filed within thirty days from entry of the judgment." 1949 Cum.Pocket Part, Title 15, Sec. 305, Code 1940.

We think the enactment of this amendment evinces a clear intent to give emphasis to the prior provisions of the statute.

In a manner, as the matter now stands, it is somewhat comparable to our automatic appeal statute.

In the case at bar appellant's counsel did not interpose any objection to the statement during the progress of the trial. The question is raised by a motion for a new trial. When the court heard the motion counsel made proof that the statement was made in the indicated form. This was not contradicted nor questioned.

"The rule forbidding counsel in argument to the jury in a criminal case to comment upon the failure of the defendant to testify is not limited to philippics against him, but extends to any mention of such failure, since indirect and covert references to the neglect of the defendant to take the witness stand may be as prejudicial to his rights as a direct comment upon such neglect. * * * The true test is whether the reference was intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify." 53 Am.Jur., Trial, Sec. 471, pp. 376, 377.

An analysis of the statement of concern leads to the unquestioned conclusion that the defendant was included among those who did not testify and thereby make himself the subject of criticism by the solicitor.

It would be a matter of conjecture to presume that the jury excluded the defendant from the effects of the statement.

Suppose the prosecuting attorney had stated that Mr. Smith had not given them the defendant as a witness to criticize. Clearly this would have been a comment on the failure of the accused to testify.

We are unable to see the possible effective distinction.

■ The authorities are committed to the view that the provisions of the statute may be violated by indirect or covert references to the defendant's failure to testify. Such assertions may be made with more damaging force than if directly charged.

It is immaterial what words are used if they are clearly calculated to direct the attention of the jury to the fact that the accused did not testify in the case. The statute seeks to protect the defendant against such impressions on the minds of the jurors.

█ We cannot escape the conclusion that the statute in question was violated in the case at bar.

Our research has led to the examination of many authorities. We will not attempt to discuss any of them. By their citation opporunity will be afforded for consideration and study. We will omit cases where it appears that the comments were direct and unquestionably prohibited from any point of view. Stone v. State, 105 Ala. 60, 17 So. 114; Baker v. State, 122 Ala. 1, 26 So. 194; May v. State, 209 Ala. 72, 95 So. 279; Bestor v. State, 209 Ala. 693, 96 So. 899; Kilpatrick v. State, 213 Ala. 358, 104 So. 656; Arant v. State, 232 Ala. 275, 167 So. 540; Jones v. State, 23 Ala.App. 493, 127 So. 681; Austin v. State, 30 Ala. App. 267, 4 So.2d 442; Everage v. State, 33 Ala.App. 291, 33 So.2d 23; Harris v. State, 33 Ala.App. 623, 36 So.2d 254; Curlette v. State, 25 Ala.App. 179, 142·So. 775. In this case the opinion does not set out the statement. The original record shows it to be: "There isn't any testimony here, he just threw up his hands here and quit, he didn't have any testimony here that he could deny it." See long list of authorities annotated in 68 A.L.R. pp. 1102–1121.

In the case of Canada v. State, 22 Ala. App. 495, 117 So. 398, this court held that in a criminal prosecution in circuit court on appeal from county court it was in violation of the statute of concern for the solicitor to comment in argument on the defendant's failure to testify in the county court.

This holding is indicative of the view this court has entertained relating to the effective force of the statute. See also 53 Am. Jur., Sec. 471, supra.

There are other questions presented for our review, but none of these will likely appear in identical form on another trial. We will pretermit any discussion of these matters.

For error indicated the judgment below is ordered reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Broadway v. State, 257 Ala. 414, 60 So.2d 701.

### After Remandment On Rehearing

On the original submission of this case we reversed the judgment below.

On certiorari the Supreme Court reversed our judgment and ·remanded the cause to this court. 60 So.2d 701.

After remandment we ordered an affirmance on the authority of the Supreme Court decision. We did not think at the time that there were any other untreated questions that merited our discussion.

On application for rehearing counsel for appellant urges us to respond to the action of the trial judge in refusing two written instructions, numbered 2 and 3. We have no hesitancy in acceding to this request.

Charge No. 2 is:

"I charge you, Gentlemen of the Jury, that if you find the evidence in this case insufficient to support a verdict of guilty against the Defendant of the charge contained in the indictment, but do find the evidence sufficient to convict the Defendant of an attempt to keep a gaming then in this event you may render a verdict of guilty of an attempt to keep a gaming table."

Charge No. 3 is to like effect.

Title 14, Sec. 42, Code 1940 provides:

"Upon the trial of an indictment for any offense, the jury may find the accused not guilty of the offense charged in the indictment, but, if the evidence warrants it, guilty of an attempt to commit such offense, without any special ·count in the indictment for such attempt."

It is insisted that the provisions of this statute compelled the lower court to give the indicated charges.

█ It is a legal truism that it is never reversible error for the trial judge to refuse an abstract instruction. Doughty v.

546

State, 228 Ala. 568, 154 So. 778; Brooks v. State, 248 Ala. 628, 29 So.2d 4.

■ An attempt to commit a crime not only contemplates the element of intent but the performance of some overt act toward the consummation of the offense and also the failure to complete the commission. Burton v. State, 8 Ala.App. 295, 62 So. 394; Broadhead v. State, 24 Ala. App. 576, 139 So. 115.

In the case at bar the undisputed evidence discloses that the appellant operated a place known as "Joe's Place." In a side room of the building there was a dice table.

Several of the State's witnesses testified that they frequented the place from time to time. Some of them engaged in gambling on this table by playing dice. On one occasion the defendant sold chips to a witness.

■ Unquestionably the evidence sustained the finding that the charged offense was being perpetrated in its completed commission and that the accused was engaged in this commission.

In the state of the record there is no place in the proof for the application of the doctrine of attempt to commit the charged crime. The written tendered charges were, therefore, abstract and properly refused. De Graaf v. State, 34 Ala. App. 137, 37 So.2d 130.

The application for rehearing is overruled.